11   181
14   166

11   181
e41  597

</div>

[No. 1526. Decided February 14, 1895.]

THOMAS DAVID, *Respondent*, v. THE OAKLAND HOME INSURANCE COMPANY, *Appellant*.

ACTION ON POLICY OF INSURANCE — WAIVER OF CONDITIONS.

The condition in a fire insurance policy limiting suit thereon to a period of six months after the fire, is waived by the action of the insurance company in making no positive denial of liability for the loss until after the expiration of the six months, the company having in the meantime led the insured to believe that the matter was held open for adjustment.   (ANDERS, J., dissents.)

In such case the insured is entitled to a reasonable time after the final rejection of his claim in which to commence an action on the policy.

*Appeal from Superior Court, Pierce County.*

*Sharpstein & Blattner*, for appellant:

In order to constitute a waiver, there must be evidence of conduct from which an intention to waive can be fairly inferred, or of an act which ought, in equity, to estop the company from relying on the condition of the policy. *Phœnix Ins. Co. v. Lebcher*, 20 Ill. App. 450; *Davis v. Canada, etc., Ins. Co.*, 39 U. C. Q. B. 452; *Gooden v. Amoskeag, etc., Ins. Co.*, 20 N. H. 73;

*Beatty v. Lycoming, etc., Ins. Co.,* 66 Pa. St. 9 ( 5 Am. Rep. 318); *Ripley v. Ætna Ins. Co.,* 30 N. Y. 136 ( 86 Am. Dec. 362); *Everett v. London, etc., Ins. Co.,* 142 Pa. St. 332; *National Ins. Co. v. Brown,* 128 Pa. St. 386.

*W. W. Likens,* for respondent:

The proof showed that the company held out hopes of an adjustment, and induced the delay in bringing the action, and the company is estopped from setting it up in bar of the action.     2 Wood, Insurance, 1019, 1020, 1030; *Peoria Ins. Co. v. Hall,* 12 Mich. 202; *Killips v. Fire Ins. Co.,* 28 Wis. 472 ( 9 Am. Rep. 506); *Miller v. Ins. Co.,* 29 N. W. 411; *Walker v. German Ins. Co.,* 33 Pac. 598; *Cobb v. Ins. Co.,* 11 Kan. 97; *Badger v. Ins. Co.,* 49 Wis. 389; *Ins. Co. v. Sheets,* 26 Grat. 854; *Ins. Co. v. Dougherty,* 102 Pa. St. 568; *Deitz v. Ins. Co.,* 11 S. E. 50; *Little v. Ins. Co.,* 123 Mass. 380; *Mickey v. Burlington Ins. Co.,* 35 Iowa, 174; *Coursin v. Penn. Ins. Co.,* 46 Pa. St. 323; *Ripley v. Astor Ins. Co.,* 17 How. Pr. 444; *Curtis v. Home Ins. Co.,* 1 Biss. 485.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought to recover for loss of property covered by an insurance policy issued by the defendant.    There was a clause in the policy which provided that no action could be maintained thereon unless commenced within six months from the date of the fire.    On account of this provision, and of the fact that suit was not commenced until more than six months from the date of the fire, it is claimed by the appellant that the action cannot be maintained; and upon that claim alone it seeks to have the judgment rendered in the court below reversed.

Upon the trial it appeared from testimony which

was practically undisputed, that soon after the fire an adjuster of the defendant visited Tacoma, where the property burned had been situated, for the purpose of adjusting the loss; that pursuant to his directions proofs of loss in attempted compliance with the terms of the policy were furnished the company; that soon after their receipt, a letter was written by the adjuster to the plaintiff, informing him that the proofs of loss were defective, and calling attention to the terms of the policy for his direction in furnishing further proofs; that thereafter, and about the first of October, further proofs were furnished to the satisfaction of the company; that after that time the adjuster, in reply to a letter from plaintiff, stated that he would be in Tacoma some time in November, and would then take up the matter of further adjusting the loss in question, that he went to Tacoma at or about the time stated, and there met the plaintiff; that during the interview which followed, propositions of settlement were made as to the exact terms of which there is some conflict in the testimony; that no further action was taken in the premises until some time in March, when the plaintiff visited the office of the adjuster, in the city of Portland, Oregon, when for the first time he was informed by the adjuster that the company was not liable for the loss; that the most it would do would be to return the premium which had been paid for the insurance.   It further appeared from the undisputed proofs that such adjuster was fully authorized to represent the company in all matters connected with the adjustment of the loss in question.

It was not made to appear that at any of the interviews prior to the one in the month of March, there had been any definite proposition made to the plaintiff by or on behalf of the company.   It did appear

that the definite propositions made by plaintiff had been rejected by the company, but prior to the interview in March above referred to, such rejections had been accompanied by such statements and actions as to induce the plaintiff to believe that there had been no final decision in regard to the adjustment of the loss.

Did these interviews, and the action of the company in relation to the loss, warrant the respondent in believing it was its intention to waive the condition in the policy upon which it now plants itself? The company contends that there were no facts shown by the proofs which would amount to a waiver of the condition, or even tend to show such waiver.

In determining the question thus presented, it must be borne in mind that the insured and the insurer, in cases like the one under consideration, do not stand upon an equal footing. The insurer is always represented by persons of experience in such matters, while the insured is usually a man of much less general information, with little or no knowledge in relation to insurance matters. Such being the relation of the parties, good conscience requires that there should be no attempt to overreach the insured by the insurer. It does not follow that the terms of insurance contracts can be set aside or disregarded. Such contracts, like all others, must be presumed to have been entered into by both parties with their eyes open, and the conditions to which they have assented must be enforced in contracts of this kind the same as in any other. But it does follow, from the relation of the parties to each other, that courts will require the utmost frankness on the part of those representing the insurer in their dealings with the insured. In the case at bar, the conceded facts fail to show that the insured at any time had

any direct promise that the loss would be adjusted in the future, and the whole, or any portion thereof, paid; but, in our opinion, it does appear from the undisputed testimony that at each time when the offer of compromise on the part of the insured was rejected by the company, such rejection was made under such circumstances, and in such a manner, as to warrant the plaintiff in believing that the matter was still open for further consideration and adjustment between the parties. So long as the insured was thus given the right to suppose that the question of adjustment was an open one, he had the right to assume that the condition of the policy as to the time for the commencement of an action thereon had been waived by the company. And such waiver would continue until, by some definite action on its part, the company had notified the insured of the rejection of his claim. After which, he would have a reasonable time in which to commence an action upon the policy.

There is no proof tending to show that such notification was given prior to the month of March, and this action, instituted early in April, was brought within a reasonable time thereafter. It follows that the company was not in a situation to derive any benefit from the clause of the policy under consideration.

What we have said disposes of the assignment of error founded upon an instruction given to the jury. The undisputed proofs, as hereinbefore interpreted, warranted the instruction to the jury to the effect that unless they found that there had been a rejection of the claim prior to the date of the interview in Portland, in the month of March, the plaintiff could recover.

The judgment must be affirmed.

SCOTT and GORDON, JJ., concur.

DUNBAR, J. (*concurring*).—I concur in the result, but on the ground that, construing all the provisions of the contract together, the statute of limitations had not commenced to run at the time the action was commenced.

ANDERS, J. (*dissenting*).—I see nothing in the record in this case that convinces me that the agent of the insurance company ever said or did anything in regard to the loss in question, which either the respondent or the court had a right to construe as a waiver of any right the company had under its contract as set forth in the policy, and about which there is no dispute. I therefore respectfully dissent.