[No. 2026.  Decided March 2, 1896.]

LOUIS A. HILL, *Respondent*, v. THE PHŒNIX INSUR-
ANCE COMPANY OF BROOKLYN, NEW YORK, *Appellant.*

INSURANCE — LIMITATION OF TIME FOR BRINGING SUIT — WAIVER —
EVIDENCE.

In an action upon a fire insurance policy, plaintiff cannot introduce in evidence letters from the company's local agents to its general agents tending to show that the company had not come to a final determination in regard to the payment of plaintiff's claim of loss, for the purpose of excusing plaintiff from bringing his action within the time limited by the policy. (DUNBAR, J., dissents.)

The fact that an insurance adjuster has determined the amount of a loss, and stated to the assured that it would be paid in due course does not constitute an agreement of the company to pay.

Appeal from Superior Court, Chehalis County.— Hon. MASON IRWIN, Judge. Reversed.

*Crowley, Sullivan & Grosscup, W. O. McKinlay,* and *M. J. Cochran,* for appellant.

*Hogan & McGerry,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought upon an insurance policy issued by the defendant upon certain buildings and other property of the plaintiff.   In its answer the defendant set up three grounds of defense: (1) That the action was barred by the limitations of the policy; (2) that the property had been burned by the willful act of the plaintiff; and (3) that the claim of loss had been compromised, and a release of the defendant from all liability executed by the plaintiff, upon sufficient consideration.   Plaintiff in reply denied that the limitation of time in which the action could be brought was six months from the date of the fire, as claimed in the answer, and alleged that such limitation was twelve months from such date, and denied the other defenses set up in the answer.   Plaintiff introduced evidence as to the time of the appearance of the defendant in the action, and the proofs of loss which had been furnished the defendant, and rested.   Thereupon the defendant made a motion for a non-suit, which was denied by the court.   The date of the fire was agreed upon, and it was also agreed that the action was not commenced until more than six months thereafter.   Defendant introduced proof tending to show that the policy contained a clause

limiting the time in which an action could be brought to six months after the fire, and also introduced proof tending to sustain the other affirmative defenses set up in its answer. Plaintiff, in rebuttal, introduced evidence which it was claimed tended to show that the limitation of time in the policy was twelve instead of six months, and that, if the limitation was six months, the action of the defendant had been such as to waive such limitation. He also offered evidence for the purpose of contradicting that offered by the defendant in support of its other affirmative defenses. A verdict was returned for the plaintiff, upon which, after a motion for a new trial had been denied, judgment was duly entered.

One of the grounds upon which it is claimed that the judgment should be reversed is the admission in evidence, over the objection of the defendant, of certain letters which passed between the local agents of the defendant and its general agents. These letters were admitted by the court only for the purpose of being considered by the jury upon the question of the diligence of the plaintiff in bringing the action, and it is contended that for that purpose they were competent evidence, for the reason that they had a tendency to show that the company had not come to a final determination in regard to the payment of plaintiff's claim of loss; that until it had the limitation in the policy as to the time within which the action could be commenced was suspended. And in support of this contention the case of *David v. Oakland Home Ins. Co.*, 11 Wash. 181 (39 Pac. 443), is cited. An examination will show that it was the peculiar circumstances of that case which induced this court to hold that the action might be commenced within a reasonable time after the company had noti-

fied the assured that it did not intend to pay the loss.
The proofs were such that the court was satisfied that
up to and including the time within which the action
could have been brought under the limitation in the
policy, there had been negotiations between the par-
ties in regard to a compromise of the claim, and that
the assured had reason to believe, from the action of
the company, that such negotiations were to be con-
tinued until he was informed of the company's inten-
tion not to pay the loss; and it was under these
circumstances that it was held that the assured would
have a reasonable time within which to commence an
action, after being informed of the company's inten-
tion.    In the case at bar there was no pretense of the
existence of pending negotiations for the settlement of
the claim.    The testimony on the part of the plain-
tiff was to the effect that the whole matter had been
adjusted, and that nothing remained to be done, ex-
cept for the company to pay the loss, while that on
the part of the defendant was to the effect that the loss
had been repudiated by the company, and such re-
pudiation acquiesced in and confirmed by the plain-
tiff.    On account of the difference in the circumstances
surrounding this case and the one above cited, what
was said in that is of but little aid in the decision of
this.    It might well be questioned whether there was
any proof in this case tending to show any waiver of
the limitation in the policy by the defendant, and, if
there was not, that question should not have been left
to the jury.    But it is not necessary to decide this
question; for, even if there was testimony sufficient to
go to the jury upon that question, the letters should
not have been admitted as a part of such evidence.
The assured was in no manner a party to these letters,
and the fact that they had been written did not come

to his knowledge until long after the action had been barred, if the limitation in the policy was six months. They were not competent even for the purpose of showing that the company had not come to a decision. The local agents by whom they were written had nothing whatever to do with the adjustment of the loss, and were not the agents of the company for any purpose in relation thereto. The letters, therefore, were of no more force than would have been letters of the same import from a stranger. They made suggestions as to the action desired on the part of the company, but such suggestions were purely voluntary and could have no effect upon the rights of the company. And, if the fact that they had been written had been communicated to the plaintiff, he would have had no right to have relied upon them, and for that reason they would not have been admissible in evidence against the company; and the fact that he had no notice that they had been written but furnishes an additional reason why they should have been excluded.

Besides, it is doubtful whether, under the pleadings and admitted facts, any proofs should have been admitted tending to show that the action would have been sooner brought but for the negotiations in reference to a settlement. It is indirectly admitted in the reply that definite notice of the understanding of the company that the policy had been long before canceled, and the liability thereunder compromised, was communicated to the plaintiff on July 30th, and the undisputed proofs showed that these facts had been communicated to him early in August. Hence, from that date, if not earlier, he had definite notice of the refusal of the company to recognize his claim. The action was not commenced until November 23d, and

since, under the authority of the case cited, the action must be brought within a reasonable time after a notice of a refusal to pay, it may well be questioned whether this action was commenced in time. What is a reasonable time must depend upon circumstances. And in view of the fact that, under the limitation in the policy which is under consideration, the time in which all of the preliminaries relating to the proof of loss, the decision of the company thereon, and such negotiations as might result, must be concluded and the action brought within six months, it is at least doubtful whether a period of more than three months after notice of refusal to pay was a reasonable time in which to bring suit. If a reasonable time was less than this three months and more, but one issue should have been submitted to the jury, and that was as to whether the limitation in the policy was six months or twelve. But since there must be a retrial of the cause, in which the evidence may disclose a different state of facts from that shown by the record, we shall not now decide whether or not the action was brought within a reasonable time after the communication to the plaintiff of the decision of the company as to the payment of the claim.

The evidence in relation to the compromise of the claim and the execution of a release to the company was reasonably satisfactory, and it is open to question whether, in the light of all the circumstances, the testimony of the plaintiff was sufficient to authorize a finding by the jury that no such compromise had been made, or release executed. But for the same reason that we deem it unnecessary to pass upon the question of reasonable time for bringing the action, we shall not now decide as to the sufficiency of this evidence.

The court instructed the jury that, even if they found this compromise to have been made and the release executed for a consideration less than the amount of the loss, it would not bar an action, if at the time the release was executed the loss had been adjusted, and an agreement made by the company to pay. A careful examination of the evidence has failed to disclose anything which warranted this instruction on the part of the court. The only proof bearing upon the subject was to the effect that the loss had been adjusted, and that the adjuster had stated to the plaintiff that it would be paid in due course; and this, in the light of the circumstances disclosed by the undisputed evidence, was insufficient to show that the company had agreed that it was liable to the plaintiff in the amount at which the loss had been adjusted. The object of the adjustment was to determine the amount of damage which the fire had caused to the property covered by the policy of insurance, and, upon such determination, to cause proofs of loss to be furnished the company, upon which it was to determine as to whether or not it was liable to the assured. The business of the adjuster is only to determine the amount of the loss, and to assist the assured in making up his proofs.

Under the changed conditions of a retrial in accordance with this opinion, any discussion of the other alleged errors would be of little value. The judgment will be reversed, and the cause remanded for retrial.

ANDERS and SCOTT, JJ., concur.

GORDON, J. (*concurring*).—I think that, in admitting the letters written by the local agents to the appellant, reversible error was committed, and solely for that reason, I concur in the judgment of reversal.

DUNBAR, J. (*dissenting*).—I think the letters re-

ferred to above were competent testimony for the purpose for which they were offered, and, believing no error was committed in any other respect, I think the judgment should be affirmed.