[No. 5719.   Decided January 15, 1906.]

WILLIAM SIDEBOTHAM, *Respondent,* v. MERCHANTS FIRE
ASSOCIATION, *Appellant.*[1]

INSURANCE—LOSS BY FIRE—PROOFS OF LOSS—WAIVER—EVIDENCE—
SUFFICIENCY. A fire insurance company waives sworn proofs of loss
called for by the policy, where immediately after the fire the insured
notified the officers of the company of the loss and inquired what
was necessary to be done in order to have the loss adjusted, and
followed out instructions given to secure invoices, and subsequently
the company refused to pay anything on the loss without giving any
reason therefor; since there was an evident intent to mislead the
insured by the giving of incorrect instructions.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered December 6, 1904, upon the
verdict of a jury rendered in favor of the plaintiff, after a
trial on the merits, in an action on a fire insurance policy.
Affirmed.

*Leopold M. Stern* and *H. T. Granger,* for appellant.

*Andrew J. Balliet,* for respondent.

FULLERTON, J.—The appellant is a mutual fire insurance
company, organized under the laws of this state. On March
11, 1903, it issued its policy of insurance to the appellant
covering a certain stock of merchandise, and certain furniture
and fixtures owned by him, insuring him in a sum not ex-
ceeding $800, against loss by fire, for a term of one year
from and after that date. The property was destroyed by
fire within the term covered by the policy, and on the refusal
of the company to pay the amount of the loss, this action was
brought to recover the same. In his complaint the respondent
alleged that he had complied with all the conditions of the
policy save that requiring him to furnish sworn proofs of
loss, and that the company had waived this requirement by

[1]Reported in 83 Pac. 1028.

denying any liability under the policy and refusing to pay in any event. Issue was taken on the allegations of the complaint, and a trial had, which resulted in a verdict and judgment for the respondent. The insurance company appeals.

The single question raised and discussed by counsel for appellant is the sufficiency of the evidence to justify the finding of the jury that the appellant had waived the provision of the policy requiring the respondent to make sworn proofs of loss. On this question, while it was somewhat meager, we think there was not a total want of substantial evidence. It was shown that, on the day after the fire occurred, the respondent called in person at the insurance company's office, and notified its officers of the fire, and his losses thereunder, giving them at the same time all the information he possessed as to the origin of the fire; in fact, he was subjected to a long cross-examination by the officer of the company in charge concerning all of these matters.

At the conclusion of the interview, the appellant inquired of the officer what was necessary to be done in order to have his loss adjusted, and was informed that he would be required to furnish invoices from all of the wholesale dealers with whom he had dealt, showing the amount of goods purchased by him while in business, and submit for examination such of his books as would show the amount of goods disposed of during the same period. The interview then ended, and the respondent after some time procured the invoices required and submitted them with his books to the insurance company for examination. Later on a representative of the company was sent out to investigate the cause of the fire. Following this there were a number of interviews between the respondent and the company's officer, during which the matters were again gone over. Finally the respondent inquired directly what the company proposed to do about adjusting and settling the loss, and was told, "Nothing at all." Inquiring why, he was answered that he had not complied

with his contract. Inquiring in what particular he had failed, he was told that it was not the business of the company to inform him.

Finally, just before the time expired in which he was required to furnish proofs of loss, he called again at the insurance office, and finding no representative of the company in, left a note saying that if the matter was not forthwith settled he would institute suit on the policy. On the next day he received in reply to this a letter from the company in the following words: "If you intend or desire to make any claim for loss against the company, the manner of proceeding and presenting said claim are plainly printed in your contract, and we respectfully refer you to them." This ended the negotiations between the parties, and soon thereafter this action was brought. The company then, for the first time, made known to the respondent the precise ground on which it rested its claim of nonliability.

The foregoing, while but a brief outline of the testimony, shows conclusively that the respondent was misled by the acts of the company's officer into the belief that he had done all that the company required of him in the way of furnishing proofs of loss. And what is more to the point, it shows that the company's officer knew he was being deceived in that respect. The company, therefore, owed him the duty of informing him directly in what manner he had failed to comply with his contract, and failing in that, it must be held to have waived the requirement. It is argued, however, that the appellant did not owe the respondent the duty of informing him how to proceed under his policy in order to make a valid claim of loss. This would be true, undoubtedly, had the appellant dealt with the respondent at arms length from the start, but it did not do this. It undertook to inform him what it was necessary to do in order to have his loss adjusted, and having undertaken to so inform him, it owed him the duty of informing him correctly. But it is said that the

letter above quoted did inform him in what particular the company claimed that he had not complied with his contract. But plainly this is not so. Its want of frankness would be apparent did we not know what had preceded it, but in the light of that, it looks like an intentional effort to deceive.

The judgment is right, and should be affirmed. It is so ordered.

MOUNT, C. J., ROOT, CROW, DUNBAR, HADLEY, and RUD-KIN, JJ., concur.