[No. 7888. Department One. September 29, 1909.]

## CHARLES S. STAATS, *Respondent*, v. PIONEER INSURANCE ASSOCIATION, *Appellant*.[1]

INSURANCE—POLICY—LIMITATION OF TIME FOR SUIT—VALIDITY. The clause in a fire insurance policy that no action shall be sustainable unless commenced within six months, is valid as a limitation, but does not go to the question of original liability.

SAME—WAIVER OF LIMITATION—AUTHORITY OF AGENT—ESTOPPEL. The clause in a fire insurance policy that no action shall be sustainable, unless commenced within six months after the fire, is waived, where the insured was induced to postpone action by the representations of the adjuster that he found the claim honest, and that the insurer would do whatever the other companies did, if he would wait until they acted, the adjuster being clothed with apparent authority to act for the insurer.

SAME—LACHES—DELAY IN BRINGING SUIT AFTER WAIVER. Where an insurance company waived the six months time limit for commencing suit until other companies had settled, a delay of twenty-five days thereafter is not, as a matter of law, so unreasonable as to preclude a recovery.

INSURANCE—STIPULATION AGAINST OTHER INSURANCE—WAIVER. A clause in a policy of fire insurance against other insurance is waived where, at the time the policy was issued, other insurance on the property was disclosed to the agent to the extent of $4,000; and the waiver is not affected by the fact that a "rider" was attached, expressly consenting to $2,000 additional concurrent insurance.

INSURANCE—AGENCY—AUTHORITY OF AGENT—QUESTION FOR JURY. It is for the jury to determine whether an insurance agent had authority to represent a fire insurance company, where all the negotiations were had with him and he assumed to act as agent for a com-

[1]Reported in 104 Pac. 185.

pany whose name was not disclosed until the policy was delivered, countersigned by other agents, and the policy was written by the other agents through him as their intermediary, and the premium paid to him was accepted by the company.

INSURANCE—POLICY—NOTICE OF OTHER INSURANCE—ORAL EXPLANATIONS—EVIDENCE—ADMISSIBILITY. In an action on a policy of fire insurance stipulating against other insurance, to which a rider was attached authorizing $2,000 additional concurrent insurance, when, at the time of delivery of the policy, the insured already had $4,000 of other insurance on the property, parol evidence is admissible of the statements of the agent explaining that the prohibitory clause did not relate to "prior" insurance, and that the rider was intended to authorize $2,000 in addition to what the insured already had on the property, for the purpose of showing notice to the agent of such other insurance.

INSURANCE—ACTIONS — PLEADINGS — ESTOPPEL — AMENDMENTS TO CONFORM TO PROOF. Where evidence of an estoppel or waiver as to a clause forfeiting an insurance policy is admitted without objection, the plaintiff's pleadings will be deemed amended to properly set up the estoppel.

INSURANCE — POLICY — VALIDITY — ACCEPTANCE OF PREMIUMS — WAIVER OF OBJECTIONS. The acceptance of the premium for a policy through the agent who assumed to act for the company in issuing the policy, with all knowledge of the facts, affirms the validity of the policy, and waives all objections that the insurance never took effect.

INSURANCE—POLICY—STIPULATIONS AGAINST WAIVER—AGENTS— AUTHORITY. A clause in an insurance policy that no agent is authorized to waive proofs of loss or admit liability, does not prevent the waiver of clauses in the policy at the time of its issuance and the acceptance of the premium.

APPEAL—REVIEW—EXHIBIT NOT IN RECORD. Error cannot be predicated upon the admission in evidence of an exhibit which is not in the record on appeal.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTION TO INSTRUCTIONS— NECESSITY—NEW TRIAL. In an action upon a fire insurance policy, error cannot be predicated on the denial of a new trial because the evidence showed an increase in the hazards, in violation of the policy, where no exception was reserved to the instruction submitting that question to the jury.

TRIAL—INSTRUCTIONS—WEIGHT TO BE GIVEN FACTS. It is not error to instruct the jury that they are exclusive judges of all questions of fact and the "weight to be given any particular fact," especially when immediately followed by an instruction that it is their duty to accept the law from the court.

TRIAL—INSTRUCTIONS—PLEADINGS AS EVIDENCE—ADMISSIONS. An instruction that the pleadings taken to the jury room are not evidence, and that the jury must determine the cause from the evidence and admissions laid before them, is not objectionable as precluding the jury from considering admissions in the pleadings, where the court had previously pointed out certain admissions in the pleadings.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered August 4, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a policy of fire insurance. Affirmed.

*Granger & Magill*, for appellant.

*Fred Parker*, for respondent.

Gose, J.—The respondent, the plaintiff below, commenced this action to recover from the appellant the amount of loss sustained on account of the burning of his stock of goods, which had theretofore been insured by the latter against loss by fire. From a judgment entered upon a verdict in favor of the respondent, this appeal is taken.

The complaint avers, that on the 5th day of September, 1906, the appellant, a corporation organized and doing a fire insurance business in the state of Washington, issued to respondent its policy, whereby it insured his stock of goods against loss by fire in the sum of $2,500, for the term of one year; that when the policy was issued, the respondent had the goods insured against like loss in the sum of $4,000 in three policies, one for $2,000 and two for $1,000 each, which fact he then disclosed to the appellant; that on October 30, 1906, the goods were destroyed by fire, and that respondent's loss was about $9,000; that the respondent immediately notified the appellant of the loss, and that it sent its adjuster to investigate it; that the latter stated to the respondent that he had fully investigated the loss, that he believed it was an honest one, but that the appellant desired to wait until the other companies having insurance upon the goods had acted, and that the appellant would do whatever the other companies

did; that on December 8 following, the respondent furnished the appellant the proof of loss, and demanded payment; that on June 29, 1907, the other companies settled with the respondent; that the respondent, relying upon the promise of the adjuster to do whatever the other companies did, refrained from commencing action until after the other companies had paid; that on July 1, 1907, the respondent advised the appellant that the other companies had paid, and demanded payment of the policy, which demand was refused on July 5 following. This action was commenced July 30, 1907, more than six months after the fire.

A general demurrer was interposed to the complaint, which being overruled, the appellant answered, joining issue upon the amount of the loss, notice at the time of the issuance of the policy of other insurance, and an extension of time in which to commence suit. The appellant pleaded three affirmative defenses: (1) That the policy sued upon provided, "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within six months next after the fire;" that the loss occurred October 30, 1906, and that the suit was not commenced until July 30, 1907; (2) that the policy provided, "this entire policy, unless provided by agreement indorsed thereon or added thereto, shall be void if the party now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy;" that at the time the policy was issued, and continuously thereafter, and at the time of the fire, the respondent held three other policies of insurance on the property, aggregating $4,000; (3) that the policy stipulated that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if any increase of hazard by additional exposures within one hundred feet or otherwise;" that after the issuance of the policy and prior to the fire, the hazard was increased by the erection of additional exposures to the property with-

in one hundred feet thereof, which fact was known to the respondent and not known to the appellant until after the fire. The reply admitted the three several provisions, alleged that the first two were waived as pleaded in the complaint, and denied that there was any increase of hazard after the issuance of the policy.

At the close of the case, the appellant moved for a directed verdict. It is conceded that, at the time the policy was issued, a rider was attached, containing the words "$2,000 other concurrent insurance permitted," and that at such time and continuously thereafter, and at the time the fire occurred, the respondent held three other policies of insurance on the property, aggregating $4,000.

The appellant first makes the point that the court erred in overruling the demurrer. This argument is predicated upon the assumption that the force of the clauses set forth in the first and second affirmative defenses is not broken by the averments in the complaint. This position, briefly restated, is, (1) that the suit not having been commenced within six months after the fire, the action is barred; (2) that a recovery is precluded on account of the existence of other policies of insurance at the time of the fire in excess of $2,000. We will notice these questions in the order stated.

The first objection does not go to the question of the original liability, but is a plea of the limitation of the time in which the suit is sustainable under the contract. We have held that the clause is a valid one. *State Ins. Co. v. Meesman*, 2 Wash. 459, 27 Pac. 77, 26 Am. St. 870; *Hill v. Phoenix Ins. Co.*, 14 Wash. 164, 44 Pac. 146. The respondent urges that the complaint alleges a waiver of this provision of the policy. Upon the demurrer we must accept it as true that the appellant's adjuster, a few days after the fire, stated to the respondent that he had investigated the loss, that he believed it was an honest one, but that the appellant desired that he should wait until the other companies having insurance upon the goods had acted, and that it would do what-

ever they did. It has been held that to adjust an unliquidated claim is "to determine what is due; to settle; to ascertain." 1 Am. & Eng. Ency. Law (2d ed.), 641. Or, as defined by Webster, it is: "To settle or bring to a satisfactory state, so that parties are agreed in the result." In *Ruthven v. American Fire Ins. Co.*, 102 Iowa 550, 71 N. W. 574, it was held that the direction to a party to adjust a loss included the power to waive formal proofs. In *Hall v. Union Cent. Life Ins. Co.*, 23 Wash. 610, 63 Pac. 505, 83 Am. St. 844, 51 L. R. A. 288, the action had not been commenced within the time fixed by the policy. An agent had told the beneficiary that the money would be paid if it was found that the premiums had been paid, and that it was best to wait until the party returned, to whom it was claimed the premiums had been paid and to whom, as the court found, the payments were made. This was held to constitute a waiver.

In *Sidebotham v. Merchants' Fire Ass'n*, 41 Wash. 436, 83 Pac. 1028, the insured, the holder of an insurance policy, had not made sworn proofs of loss. The court held that, the insured having complied with the directions of the officers of the company in furnishing invoices and submitting his books for examination, and having been misled by them into the belief that he had done all that the company required of him in the way of furnishing proofs, and it appearing that he had been deceived in that respect, the presentation of sworn proofs of loss was waived. *Hill v. Phoenix Ins. Co.*, 14 Wash. 164, 44 Pac. 146, relied upon by the appellant, was by a divided court, and the rule announced by it as to the authority of an adjuster was not followed either in the *Hall* case or in the *Sidebotham* case. In *Insurance Co. v. Eggleston*, 96 U. S. 572, 24 L. Ed. 841, the court considered the question of forfeiture arising from a failure to pay the premiums on a life policy. Discussing the question of a waiver of a forfeiture clause in the policy, at page 577, it is said:

"Any agreement, declaration, or course of action, on the part of an insurance company, which leads a party insured

honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract."

In the instant case, the delay in the commencement of the action was caused solely by the representations of the appellant's adjuster, and it has suffered no prejudice or injury therefrom. A corporation can act only through its agents, and they must be held to have such power as inheres in the duties they are assigned to perform. The appellant having clothed its adjuster with apparent authority to speak for it, and he having induced the respondent to delay the commencement of the action until the time limit fixed in the contract had expired, it will not now be heard to urge that he exceeded his authority, and invoke the bar. It is further urged in this behalf that suit was not commenced within a reasonable time after payment was refused. The jury under proper instructions resolved this question in favor of the respondent, and we cannot say, as a matter of law, that the time—twenty-five days—was not reasonable. The formal presentation of proof of loss, after the request of the adjuster to delay the commencement of the action, does not militate against the view announced in these cases.

It is next urged that the excess insurance alleged in the complaint renders it subject to demurrer. The respondent asserts that the appellant, knowing of the breach of the condition of the policy existing when it was issued and delivered, will be held to have waived the provision against other insurance. The appellant answers, saying that, even if this is true as to the printed condition, the rider, which was attached permitting other concurrent insurance to the extent of $2,000, discloses the real contract; that the appellant had a right to assume that the respondent would cancel the excess insurance. On the demurrer we must accept the averment as true, that the respondent disclosed to the appellant the fact that he

had $4,000 insurance on the property before the policy was written. Viewing the question from principle, the mind at once inquires, Did the appellant intend to deliver a void policy? What was the purpose of the policy, and what consideration did the appellant intend to give for the premium it received? We are persuaded that the juster and sounder rule is that the appellant, knowing of the existence and amount of other insurance on the property when it issued and delivered the policy, waived the condition under consideration. This rule has abundant support in the decided cases. *Mesterman v. Home Mut. Ins. Co.*, 5 Wash. 524, 32 Pac. 458, 34 Am. St. 877; *Hart v. Niagara Fire Ins. Co.*, 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86; *Anderson v. Manchester Fire Assur. Co.*, 59 Minn. 182, 60 N. W. 1095, 63 N. W. 241, 50 Am. St. 400, 28 L. R. A. 609; *German Ins. Co. v. Shader*, 68 Neb. 1, 93 N. W. 972, 60 L. R. A. 918; *Parsons, Rich & Co. v. Lane*, 97 Minn. 98, 106 N. W. 485, 4 L. R. A. (N. S.) 231. The fact that there was a rider attached permitting other concurrent insurance to the extent of $2,000, does not change the rule. It will be presumed that the appellant did not intend to issue a policy void in the beginning. The respondent urges that the words "other concurrent insurance" are ambiguous, and that parol evidence as to what the exact contract was is admissible. The view we take of the case makes it unnecessary to determine this question. The demurrer was properly overruled.

There was no written application for the policy. The respondent testified that negotiations for the policy were had with one J. W. Adkinson, in North Yakima; that the latter asked him how his insurance was, "and I told him I was going to have some more, and he wanted to know how much and I told him about how much, and he said he would take it for me. . . . I explained to him at the time what insurance I had and in what companies, and so he said he would make out a policy and forward it to me, and that was about all that was said at the time. . . . Well, I

just stated that I had $2,000 in the Home and $2,000 in the Aetna." He further testified that two or three days later he received the policy by mail, either from Adkinson or from Barney & Downs; that he noticed that it read, "$2,000 other concurrent insurance permitted," "and as I was carrying $4,000 I knew the policy wouldn't be any good that way, if it meant just the $2,000 altogether; so I wrote Mr. Adkinson and asked him about it. I didn't receive any reply for a day or two and happened to come up to town and brought the policy with me, and went to his house and handed it to him and called his attention to that part of it, and he looked it over and he says 'that means $2,000 additional; that is, $2,000 more than you are carrying.' He knew what I was carrying"; that thereupon he paid the premium. The policy was countersigned by Barney & Downs, the agents, and the respondent could not testify whether it was mailed to him by Adkinson or by Barney & Downs. This testimony is disputed by both Adkinson and Barney & Downs.

The appellant makes two contentions, (1) that there is no evidence tending to show that Adkinson was its agent, or that the amount of existing insurance was communicated to Barney & Downs; (2) that it was error to permit the respondent to testify that Adkinson explained that the rider meant $2,000 in excess of the $4,000 and the $2,500. Upon the first proposition, the testimony of the respondent discloses that he had no negotiations or conversations with any one other than Adkinson, before the delivery of the policy. Adkinson assumed to act as agent for a fire insurance company whose name was not disclosed until the delivery of the policy. The respondent did not know Barney & Downs in the transaction. If Barney & Downs wrote the insurance through Adkinson as their intermediary, it was for the jury to determine from all the facts and circumstances in the case the relation of the latter to them and the appellant. Agency may be, and often is, created by the conduct of the parties.

It is fundamental that facts known to an agent, when acting as such, are in law known to the principal, and it would be a fraud in law if an insurance company were allowed to deliver its policy through their agent and accept the premium with knowledge of the facts which, under its provisions, made it void *ab initio,* and thereafter assert its invalidity. *Parsons, Rich & Co. v. Lane, supra,* citing numerous authorities; *Fishbeck v. Phenix Ins. Co.,* 54 Cal. 422.

On the second point of the objection, the testimony was admissible for the purpose of showing that Adkinson had notice of the $4,000 insurance before the policy was accepted or paid for. The interpretation he gave the contract, in view of the knowledge he had of the facts, is the law's interpretation. Moreover, as we shall see, the appellant retained the premium after full knowledge of all the facts, and it must therefore be held to have asserted the validity of its contract.

There is, however, another principle of law which precludes the appellant from interposing this objection. The evidence discloses that it has received and retained the premium. True, this was not formally pleaded as an estoppel or waiver, but evidence of payment was admitted without objection, and the pleadings will be treated as amended so as to properly present the question.

"Clearly the defendant could not assert a right to the premium for valid insurance, and at the same time insist that the insurance had never been effected. By claiming and maintaining such a right, with full knowledge of all material circumstances, it unequivocally affirmed the validity of the insurance for the period covered by the premium, and definitely waived every objection on which its validity could be denied." *New Jersey Rubber Co. v. Commercial Union Assurance Co.,* 64 N. J. L. 580, 586.

See, also, *Parsons, Rich & Co. v. Lane, supra; Schreiber v. German-American Hail Ins. Co.,* 43 Minn. 367, 45 N. W. 708; *New York Life Ins. Co. v. Baker,* 83 Fed. 647; *Frasier v. New Zealand Ins. Co.,* 39 Ore. 342, 64 Pac. 814; *Elliott*

*v. Lycoming County Mut. Ins. Co.*, 66 Pa. St. 22, 5 Am.
Rep. 323; *German Insurance Co. v..Shader, supra.*

The policy provided that "no agent, adjuster, or other
representative of this association except the secretary is
authorized to waive proofs of loss or to admit or deny lia-
bility under this policy." This provision is invoked in aid
of the six months' limitation clause in the policy. We have
met this contention in considering the demurrer, and will not
restate or recite the authorities. We will add, however, that
parties competent to make such a contract may, as a rule,
abrogate or modify it by a subsequent one entered into in
any manner authorized by law. *Ruthven v. American Fire
Ins. Co.*, 102 Iowa 550, 71 N. W. 574.

The denial of the motion for a directed verdict is assigned
as error. Upon this question, in addition to the points al-
ready considered, it is urged that the evidence showed that,
between the date of the delivery of the policy and the fire,
two buildings were constructed by third parties within one
hundred feet of the insured property, in contravention of
the hazard provision of the policy. The policy, as we have
seen, provided that it should be void if there is "any increase
of hazard by additional exposures within one hundred feet
or otherwise." The statement is made in the appellant's
brief that the proof of loss—exhibit A—contains the re-
spondent's sworn statement showing a violation of this pro-
vision. This exhibit is not in the record. The point is not
well taken for two reasons; first, there is no evidence in the
record showing a violation of the clause; second, the court
instructed the jury thereon as follows:

"If you shall be convinced by a preponderance of the evi-
dence that, after said policy was issued there was erected
within one hundred feet from the property insured an addi-
tional exposure and that the same increased the hazard or
risk or danger of such property being damaged by fire, then
your verdict must be for defendant."

No exception was reserved to this instruction. For the

reasons stated, it is not necessary to consider the appellant's authorities under this head.

The court, in substance, instructed the jury that, if they were convinced by a preponderance of the evidence that Adkinson assumed to be a soliciting agent of defendant or of any undisclosed insurance company, and in that capacity solicited and obtained from plaintiff an application for insurance upon the property in question, either written or oral, and that plaintiff gave him such application believing him to be such agent, and gave it to him as such agent, and the defendant thereafter, with knowledge or notice that Adkinson had assumed so to act and had thereby obtained such application, issued the policy and received the premium from the plaintiff, intending that the policy should be received by the plaintiff in compliance with the application to Adkinson, and that the plaintiff did so receive it, then, for the purpose of this suit, the act of Adkinson in soliciting and receiving the application became in legal effect the act of the defendant; and if at the time of making such application the plaintiff informed Adkinson that there was already $4,000 other insurance on the property, the knowledge thus obtained by Adkinson is in law the knowledge of the defendant, and estops defendant from alleging that the policy is void on account of the other policies existing at the time the policy was issued. This is assigned as error, but as we have seen, it correctly announces the law.

The court instructed the jury: "You are the exclusive judges of all questions of fact and the weight to be given to any particular fact." This is assigned as error. The particular objection urged is that the jury are not the judges of "the weight to be given to any particular fact." The point made is that, when the jury has determined what a given fact is, the law as given by the court determines its weight. It is said arguendo:

"In the case at bar for instance, if from the testimony the jury found that the defendant company had no notice

of the excess insurance, the jury had no right to determine the weight to be given to that fact. That question is purely a. question of law."

We think that the learned counsel has indulged in over-refinement. This is particularly true in the instant case, because immediately following the criticised words the court adds, "but the law it is your duty to accept from the court."

Finally, it is contended that the court erred in instructing the jury that the pleadings are not evidence in the case. It is urged that the instruction was misleading, as the jury might conclude that admissions in the pleadings could not be considered as evidence. The instruction as an entirety was:

"You will take with you the pleadings, that is the complaint and answer and the reply in this case, all exhibits in evidence, and, gentlemen, these pleadings; that is, the complaint and answer and reply, are not testimony in the case. They are not evidence in the cause. They are simply statements of what the parties on each side claim to be the facts, but not evidence of the facts, and the issues in the cause; that is, the issue of facts, you must determine under the instructions of the court from the evidence in the cause before you, and from the admissions of the parties respectively that have been laid before you or have been submitted to you."

The court had theretofore pointed out certain admissions in the pleadings. The instruction, read as an entirety, shows clearly that the charge that the pleadings were not evidence was limited to the issues joined, but that admissions in any form were evidence. We have not overlooked the fact that Adkinson, Barney, and Downs testified that the application for the policy was in the form of a letter addressed to Adkinson, wherein the respondent stated that he was then carrying $2,000 insurance; nor are we unmindful that they testified that Adkinson was then an employee in a clothing store and not connected in any way with the appellant or Barney & Downs. The letter, however, was not produced at the trial, but proof of its loss was offered. All the testi-

mony was submitted to the jury under proper instructions, and they having found for the respondent upon competent evidence, we cannot disturb the verdict. The veracity and credibility of the witnesses was for them to determine.

The judgment will therefore be affirmed.

RUDKIN, C. J., MORRIS, CHADWICK, and FULLERTON, JJ., concur.