[No. 13880. Department One. October 17, 1917.]

PARASKEVOULA MADI, *Appellant*, v. MODERN WOODMEN OF AMERICA, *Respondent*.[1]

INSURANCE—MUTUAL BENEFIT INSURANCE—ACTIONS—LIMITATIONS IN CERTIFICATE. Under a mutual benefit policy providing that no action shall be maintained until proofs of death have been filed with the head clerk and passed upon by the board of directors, nor unless action be commenced within eighteen months from the date of the death, the period of limitation for commencing an action begins to run from the date of the death, and not from the time of rejection of the claims.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 27, 1916, upon findings in favor of the defendant, dismissing an action on a benefit certificate, tried to the court. Affirmed.

*C. Liliopoulos* and *Walter B. Allen*, for appellant.

*Truman Plantz, Geo. G. Perrin*, and *Ralph Simon*, for respondent.

WEBSTER, J.—Appellant, as the beneficiary designated in a benefit certificate issued by respondent to one John Vourlis,

[1]Reported in 167 Pac. 1083.

now deceased, brought this suit to recover the sum of $2,000, the amount alleged to be due her under the terms of the certificate. The action was dismissed and she appeals.

The material facts are set forth in the following findings of the trial court, to which no exceptions were taken:

"(1) That John Vourlis, who died in Ewan of the state of Washington on the 19th day of September, 1911, was at the time of his death insured with the Modern Woodmen of America, a fraternal beneficiary society with subordinate lodges in the state of Washington, for the sum of two thousand ($2,000) dollars, as evidenced by benefit certificate No. 1716621, dated on the 13th day of July, 1909, and that at the time of his death he was a member of the said society in good standing, having paid his dues and complied with all the requirements of the said fraternal society and having performed all the terms and conditions provided for in the constitution and by-laws of this society, and also all the terms and conditions provided for by the application for insurance and the said benefit certificate.

"(2) That the said John Vourlis had as his beneficiary for the said insurance sum of two thousand ($2,000) dollars, his sister, residing in Didymon, Greece, known under the name of Paraskevoula Madi and otherwise appearing on the benefit certificate as Addie Vourlis.

"(3) That the said benefit certificate provided among others under paragraph six (6) the following conditions: 'No action can or shall be maintained on this certificate until after the proofs of death and claimant's right to benefits, as provided for in the by-laws of this society, have been filed with the head clerk and passed upon by the board of directors, nor unless brought within eighteen months from the date of the death of the member.'

"(4) That the said claim for the amount of insurance having been thereafterwards presented by the Consul of Greece at Tacoma, acting on behalf of the beneficiary, was passed upon and rejected by the above named defendant on November 29th, 1914, which rejection was made in a reasonable time and in good faith.

"(5) That the action on the said benefit certificate was commenced on the 19th day of December, 1914."

From these findings the court concluded that appellant was not entitled to recover, for the reason that the action had not been commenced within the time stipulated in the certificate. It is evident, therefore, that there is only one question to be decided by this court, namely, is the limitation provided in paragraph 6 of the certificate and set forth at length in the findings of fact such as to defeat the appellant's right of action.

It is not contended in behalf of appellant that the provision requiring action to be brought within eighteen months from the date of the death of the insured is void as against public policy. In fact, this court, in keeping with the great weight of authority, has held that such conditions are valid and enforcible, even though they fix a shorter period within which to sue than that allowed by statute in such cases, provided the time stipulated is not so short as to be unreasonable and the insertion of the provision is not in contravention of a statute. *State Ins. Co. v. Meesman*, 2 Wash. 459, 27 Pac. 77, 26 Am. St. 870; *American Bldg. & Loan Ass'n v. Farmers Ins. Co.*, 11 Wash. 619, 40 Pac. 125; *Hill v. Phoenix Ins. Co.*, 14 Wash. 164, 44 Pac. 146; *Staats v. Pioneer Ins. Co.*, 55 Wash. 51, 104 Pac. 185.

It is argued, however, that, inasmuch as the certificate provides "No action can or shall be maintained on this certificate until after the proofs of death and claimant's right to benefits, as provided for in the by-laws of this society, have been filed with the head clerk and passed upon by the board of directors," the time within which to sue, as stated in the certificate, did not begin to run until November 28, 1914, the date upon which appellant's claim was rejected by the beneficial society. Respondent insists that the time commenced to run on September 19, 1911, the date of the death of the insured. Upon the question of computation of time presented by these contentions of counsel, the authorities are in sharp and irreconcilable conflict. From an examination of the cases, there seem to be two distinct and diametrically oppo-

site views upon the subject; one line of cases holding to what may properly be called the relative or liberal rule of interpretation, while the other prefers the strict or literal rule of construction. The central idea in the cases of the former class is that the provision for immunity from suit and the one of limitation must be construed together, or relatively, and that the period of limitation does not begin to run until an action might be brought against the insurer. The line of argument pursued is that the limitation provision of the policy must not be construed solely with reference to the language of the clause in which the limitation is expressed, but that it is the duty of the courts to arrive at the intention of the parties by an examination of the entire instrument; that it is unreasonable to say that an action must be commenced in a given time, when, during a portion at least of that time, the claimant is prevented from bringing suit by virtue of other provisions of the policy; that, therefore, the condition reducing the statutory time for bringing suit should, in justice and equity, be so construed as to give the full period allowed by the policy, free from all other provisions and stipulations.

The other line of cases hold that there is no conflict between the two provisions, and consequently no room for the application of the rule of construction announced in the contrary cases, to which rule, in the abstract, they take no exception. These cases proceed upon the thought that one of the clauses provides merely that no action shall be brought until certain specified things shall have been performed, and the other provides that the action must be commenced within a stipulated time after the loss or the death of the insured, as the case may be; that the meaning, therefore, of the contract, taken as a whole, is that no action shall be begun before doing the things agreed to be performed as conditions precedent to the right to sue, and in no event shall it be commenced after the expiration of the time limited for suit; in other words, that the limitation relates both to performing the preliminary conditions and to the commencement of the action. It is fre-

quently said, in cases taking this view of the matter, that any different construction of the policy would, in effect, be substituting another and different contract for the one deliberately made by the parties. Numerous authorities in support of each doctrine will be found in 14 Ruling Case Law, 1419, and in 19 Cyc. 907, 908.

Early in the history of this court, in the case of *State Ins. Co. v. Meesman, supra,* the question of the correct construction of similar provisions in a policy of fire insurance was squarely presented for determination, and after carefully analyzing both lines of cases, the rule of strict or literal construction, substantially as outlined herein, was adopted. In that case it was held that, where a fire insurance policy provides that no action thereon shall be sustained unless commenced within six months after the fire shall have occurred, the period of limitation begins to run from the date of the fire, notwithstanding another condition of the policy provides that no loss shall become due and payable until proof of loss is made and examined into by the insurance company. Plainly there is no distinction between fire insurance policies and life policies, so far as the question of the proper construction of provisions of the character here under consideration is concerned.

Because of the hopeless conflict in the cases and the fact that numerous and respectable authorities can be found in support of either view, we do not feel warranted in overruling the *Meesman* case, but deem it wise to adhere to the rule there announced. Upon the authority of that case, the judgment appealed from will be affirmed.

ELLIS, C. J., MORRIS, and PARKER, JJ., concur.