[No. 18937. Department One. March 4, 1925.]

HARDING HOTEL COMPANY, *Respondent,* v. UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant.*[1]

INDEMNITY (7)—PRINCIPAL AND SURETY (52)—BONDS—BREACH OF CONTRACT—LIMITATIONS—ACCRUAL OF ACTION. A provision in an indemnity bond limiting the time for the commencement of an action on the bond is waived by the surety where, when first notified of the loss, the surety did not deny its liability but gave notice to make no further payments to the principal, for whom a receiver had been appointed and who contemplated bankruptcy, and suggested that the obligee await developments, thereby lulling the obligee into a sense of security until after the time limited had elapsed.

ACCORD AND SATISFACTION (1)—NATURE AND REQUISITES. An offer to compromise a claim against the surety on an indemnity bond guaranteeing the performance of a contract, by retaining the unpaid balance of the contract purchase price, the principal's suit for which was successfully defended, is not an accord and satisfaction of the claim against the surety, where it was never accepted by the surety, and the dismissal of the suit for the unpaid balance was not an adjudication that such balance was less than the damages sustained.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered January 24, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Robert M. Davis* and *L. R. Bonneville,* for appellant.

*Stiles & Latcham (Lyle, Henderson & Carnahan,* of counsel), for respondent.

[1]Reported in 233 Pac. 276.

PARKER, J.—The plaintiff, hotel company, commenced this action in the superior court for Pierce county seeking recovery upon a bond executed by the defendant guaranty company, as surety, by the terms of which it agreed to indemnify and save the hotel company harmless from loss which might result to it from a breach of a contract by the terms of which the Tacoma Cabinet Works, a corporation, agreed to manufacture and furnish to the hotel company certain specified furniture. A trial upon the merits in the superior court resulted in findings and judgment awarding recovery against both the cabinet works and the guaranty company in the sum of $3,000, from which the latter alone has appealed to this court.

On May 27, 1922, the cabinet works entered into a contract with James H. Harding, by which it agreed to manufacture for the Harding Hotel Company, a corporation in the process of organization, certain specified furniture for a new hotel soon to become the property of that company and to be known as the Lewis and Clark Hotel, at Lewiston, Idaho. The agreed price for the manufacture of the furniture was $12,080, f. o. b. Tacoma, for shipment to Lewiston. On the same day, in compliance with the terms of the furniture contract, the cabinet works as principal and the guaranty company as surety executed the bond here sued upon, to secure the faithful performance of the furniture contract. The bond is in the sum of $15,000 and contains, among other conditions, the following:

"In no event shall the surety be liable for a greater sum than the penalty of this bond, or subject to any suit, action or other proceeding thereon that is instituted later than the 27th day of May, A. D. 1923."

Thereafter the hotel company was duly organized as a corporation under the laws of this state and the furniture contract duly assigned to it as contemplated

by its terms, and also as contemplated by the terms of the bond. Thereafter the manufacture of the furniture was proceeded with and it was all shipped to the hotel company the latter part of September, 1922, at which time the hotel company had made payments upon the furniture contract to the cabinet works aggregating $9,378, and had also paid freight upon the shipment of the furniture to Lewiston in the sum of $516. Soon after receiving the furniture at Lewiston, it was discovered to be in a measure defective in workmanship and not up to the standard of the specifications. The extent of such deficiency, however, at that time was not fully apparent. On October 23, 1922, the hotel company by letter notified the guaranty company as follows:

"Please be advised that the furniture furnished us under our contract with the Tacoma Cabinet Works, for the faithful performance of which contract we took a bond upon which you are surety, is in many respects defective and that it is our intention to claim damages therefor.

"This notice will be supplemented by further advice as soon as we are able to accurately ascertain the extent of our damage."

On October 27, 1922, the hotel company by letters further notified the guaranty company more in detail as to defective workmanship in the furniture as then appearing, and further, in substance, that the hotel company was willing by way of compromise to retain the unpaid balance of the purchase price in satisfaction of its claim for damages under the contract; and further suggested to the guaranty company that "it may be advisable for you to see if you cannot induce the assignee to accept settlement on the lines herein suggested." The unpaid balance upon the purchase price had been assigned by the cabinet works to a Tacoma bank. On October 30, 1922, the guaranty com-

pany, manifestly in answer to the above noticed communications from the hotel company, by letter advised the hotel company as follows:

"As surety on the bonds of Tacoma Cabinet Works for the furnishing of furniture for the Lewis & Clark Hotel, we hereby notify you not to make further payment under said contracts until you have obtained consent of the undersigned surety, and until the claims for defective furniture have been adjusted."

On November 8, 1922, the guaranty company further communicated by letter to the hotel company as follows:

"As you know the Tacoma Cabinet Works has made an assignment for the benefit of creditors to the Puget Sound Bank & Trust Company. We desire that no further payments be made under this contract until all claims of every kind and nature on the part of Mr. Harding have been satisfied. The condition of affairs at this time are such that we have been unable to obtain any definite information as to what is to be done or can do but it seems very likely that the Cabinet Works will be thrown into bankruptcy. We have been informed that one of the partners has skipped out.

"It has been very difficult to get any information as to this matter from anybody. In fact no one seems to have any information. In view of the fact that your client is willing to settle for the balance in his hands, it seems to me that the only thing to do is to stand pat a while and await developments. The assignee is doing nothing whatever so far as we can determine fearing that the Cabinet Works will be thrown into bankruptcy."

Some further oral communications occurred between the Tacoma attorneys for the hotel company and the local representatives of the guaranty company looking to an adjustment of their differences, ultimately suggesting, however, nothing more than the awaiting of developments, which developments occurred, as evidently expected and desired by the guaranty company, in the form of an action commenced by the bank, as

assignee of the cabinet works, seeking recovery of the balance of the purchase price of the furniture contract from the hotel company. The hotel company thereupon pleaded its damages as an offset, but not as a counterclaim, which was evidently so thoroughly well-grounded as a defense that counsel for the bank moved for a voluntary nonsuit dismissal, which the court granted on June 8, 1923. Following some further communications between the hotel company and the guaranty company looking to a settlement, the latter, on July 12, 1923, finally denied all liability upon its bond by breach of the furniture contract. The compromise offer suggested by the hotel company in October, 1922, was in no manner acceded to by the guaranty company. Thereafter further defects of a theretofore latent nature developed in the furniture, very materially increasing the hotel company's damages. Thereafter on July 27, 1923, but fifteen days following the first and final absolute denial of the guaranty company's liability upon its bond, the hotel company commenced this action seeking recovery upon the bond in the sum of $9,894, resulting in findings and judgment in its favor awarding it recovery in the sum of $3,000, as above noticed.

The principal contention here made in behalf of the guaranty company is that whatever right of recovery the hotel company ever had was, at the commencement of this action in July, 1923, barred by the lapse of the one-year period ending May 27, 1923, prescribed by the terms of the bond as the limitation of time within which action might be commenced for recovery thereon. While the law is well settled that such a contract limitation is as valid and enforcible as a statutory limitation of that nature, it is equally well settled law that, since the limitation is for the benefit of the defendant, it may be waived by him, either expressly or by failure

to plead his limitation right, with which we are not here concerned, or by his acts and words prior to the commencement of the action inducing the plaintiff to refrain from commencing his action within such prescribed period. We think the negotiations carried on between the guaranty company and the hotel company, practically up until July 12, 1923, when the guaranty company first evidenced its certain denial of liability by its letter of that date, under all the circumstances here shown, had the effect of lulling the hotel company into a sense of security, in so far as the limitation upon the time for the bringing of its action might defeat its recovery. The following authorities support this conclusion: *Staats v. Pioneer Ins. Association*, 55 Wash. 51, 104 Pac. 185; *Sheard v. United States Fid. & Guar. Co.*, 58 Wash. 29, 107 Pac. 1024, 109 Pac. 276; *Columbia Security Co. v. Aetna Accident & Liability Co.*, 108 Wash. 116, 183 Pac. 137; Wood, Limitations of Actions (4th ed.), vol. 2, § 42.

Some contention is made in behalf of the guaranty company that there was, in substance, an accord and satisfaction which stands in the way of the hotel company's right of recovery in this action. This seems to be rested upon the fact that the hotel company in October, 1922, offered to compromise by retaining the unpaid balance of the contract purchase price of the furniture in satisfaction of its damage claim; and its successful defense in the action by the bank as assignee of the cabinet works against it, viewed as an adjudication that it was not liable for the remainder of the purchase price because of its damage. There seems to us to be two complete answers to this contention, first, the offer of compromise was never accepted by the guaranty company or by anyone so that it could redound to the benefit of the guaranty company; and second, the adjudication in that case was not a final

adjudication that the hotel company was not entitled to a much larger sum as damages than the balance of the unpaid purchase price of the furniture.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BRIDGES, and ASKREN, JJ., concur.