[No. 25444. Department One. May 3, 1935.]

FRANCES KRAUS *et al., Minors, by Mary Kraus, their Guardian ad Litem, Respondents,* v. SLOVENE NATIONAL BENEFIT SOCIETY, *Appellant.*[1]

*Wright, Jones & Bronson,* for appellant.

*Lawrence Seltzer,* for respondents.

BEALS, J.—Defendant, Slovene National Benefit Society, is a corporation organized under the laws of Illinois, and having subordinate lodges in many other states, including Washington. Anton (or Tony) and

[1]Reported in 44 P. (2d) 800.

Mary Kraus were for many years husband and wife, and the parents of Frances and Tony Kraus, now minors under twelve years of age. Anton Kraus was a member of Renton Lodge, a subordinate branch of defendant, located at Renton, and received from defendant, under date October 1, 1931, a "benefit certificate," whereby defendant agreed to pay, upon the death of Anton Kraus, the sum of one thousand dollars to his two children, who it appears were also members of defendant.

Anton Kraus committed suicide September 3, 1932, and thereafter defendant paid on account of his funeral expenses $115, denying any further liability under its benefit certificate. Mary Kraus, Anton's widow, being thereafter appointed guardian *ad litem* of her two children, instituted this action for the purpose of recovering judgment for the balance of the face of the certificate. The action was tried to the court, sitting without a jury, and from findings of fact and conclusions of law in plaintiffs' favor, followed by a judgment against defendant for the sum of $885, defendant has appealed.

The following facts appear from the record and are not disputed: The benefit certificate specifically provides that the articles of association and the by-laws of appellant shall be binding upon the members, and that the principal sum named in the certificate shall be payable upon the death of the member "while a member of the society in good standing under its laws." Membership in appellant, through its subordinate lodges, consists of two classes, active and passive. Section 4, of article 34, of the by-laws, referring to passive membership, reads as follows:

"Members unable to pay their assessments on account of a strike or suspension of employment, may become passive members. Any such member shall notify the Branch secretary of his intention to become

a passive member in advance, and his passive membership shall begin with the following month, providing, however, that passive membership on account of a strike or out of work shall be allowed to the members residing in the immediate neighborhood only, and no suspicion has arisen as to the abuse of the privileges granted by this section. Any member, so passive, shall become an active member with the date of the beginning of work and shall in the same month, commence to pay his regular assessment; failing to do so, he shall be expelled by the Branch secretary. Members, so passive and changing their places of residence to another distant place, thereupon going out of the Branch's control, shall immediately be stricken off the roll by the local secretary. . . . The Society shall pay not more than $250 death benefit for any passive member; in case he was insured for less than $250, then only such amount shall be paid.''

During the month of October, 1930, Anton Kraus was committed to the state hospital for the insane maintained at Steilacoom, his wife, Mary, being appointed guardian of his estate. He was paroled from the institution in January, 1931, and finally discharged as cured May 12, 1931, after which the accounts of Mary Kraus as guardian were settled, she being finally discharged June 16, 1931. The matter of the mental condition of Mr. Kraus after his discharge as cured was gone into at length before the court below. Our view of the case renders this phase of the matter unimportant.

During the summer of 1932, Mr. Kraus, being out of work, borrowed from the local lodge money with which to pay his June and July assessments, payment of these being necessary in order to maintain his membership in good standing and preserve his rights and those of his children under the certificate. Under date August 19, 1932, Mr. Kraus wrote to the secretary of his lodge the following letter:

"Puyallup, Wash. Aug. 19, 1932.
"To the Secretary of Branch No. 377
"Dear Brother:
"I am enclosing $7.16 for assessment with this letter. Please inform me how much I still owe on the assessment.
"I also ask you to enter me and my children as passive members, as I have no money and neither am I working.
"Fraternally yours,
Anton Kraus,
R. 2, Box 543,
Puyallup, Wash."

which was received by the secretary of the Renton Lodge in due course of mail.

It seems to be agreed that the payment made covered all August dues in full. The date of the writing of the letter is fixed beyond question by the receipt for the postal order, which shows the issuance, August 19, 1932, of a postal money order corresponding with the remittance referred to in the letter. A copy of the application for the money order, dated August 19, 1932, was also received in evidence without objection. Mr. Kraus, on his application, had been carried as a passive member during the months of February and March, 1932, after which he again commenced paying his monthly assessments.

The trial court, after certain formal findings, found that Anton Kraus, by the letter above quoted, applied to appellant for a passive membership; that the letter of application was received by the secretary of the lodge, "but that said application was never acted upon or accepted by the defendant corporation," and that Tony Kraus, now deceased, never, by reason thereof, acquired the status of passive membership in appellant society. The court also found that, at the time he wrote the letter, Mr. Kraus was a resident of the city

of Puyallup, and that, on the same date, "was a mental incompetent and mentally incompetent to make an application to defendant corporation for the status of passive membership."

Appellant assigns error upon the refusal of the trial court to make findings of fact and conclusions of law in accordance with its theory of the case; upon the making of the findings of fact and conclusions of law as entered by the court; and upon the rendition of judgment in respondents' favor.

Most of the testimony was given in the Slavonian language, and much of the evidence is very confusing. The recording secretary of the local lodge testified that, among other services rendered, he kept the minutes of the meetings; that he was present at a meeting of the lodge August 10, 1932; and that, prior to this date, he had received the letter from Mr. Kraus above quoted, which letter was undoubtedly written and mailed August 19th. Later, the witness referred to the minutes, which he testified were in his own handwriting and written at the time of the meeting, as bearing date August 14, 1932, and identified the day of the meeting as the second Sunday of the month, on which Sunday of each month the meetings were held. According to the witness, the minutes include the following: "A letter from Anton Kraus read and asked to be put on the passive list as he is without work."

He further testified that the lodge agreed that Mr. Kraus be accepted as a passive member, later stating that he did not recollect whether the lodge took a vote on the matter or not, but that he was positive that the letter was read at the meeting. The witness stated that he was recording secretary during August, 1932, the then secretary who received the letter having died before the date of the trial. On cross-examination, the witness again stated that the letter was acted upon

August 14th, and that the minutes were in his own handwriting and written at the meeting.

Appellant argues that, under its by-laws, the secretary of the local lodge had authority to grant an application for passive membership; that, in the Renton Lodge, such applications were received by the secretary, and the applying members were placed upon the passive membership list by entering a notation to that effect in the assessment book; and that it was not the custom for the local lodge to vote upon such applications, nor were they forwarded to the national officers for approval. Appellant also argues that the by-laws do not specifically grant any officer or group authority to pass upon the questions of fact covered by that portion of the by-laws which provides that passive membership shall be allowed only to members residing in the immediate neighborhood, and in case ''no suspicion has arisen as to the abuse of the privileges granted by this section.''

Appellant contends that, under the circumstances disclosed by this record, and considering appellant's by-laws as a whole, it should be held that the branch secretary has authority to pass upon an application for passive membership, and that, in the case at bar, the branch secretary did pass upon Mr. Kraus' application and accepted it during the month of August, and that, consequently, on the date of his death, September third, Mr. Kraus was not an active member, and that, therefore, no rights under the benefit certificate exist in favor of respondents.

Appellant also argues that, if it be held that the by-laws do not confer upon the secretary authority to accept applications for passive membership, it must be held that the by-laws are ambiguous in this connection, and that they have been construed by the parties in favor of appellant's contention; or that the secre-

tary had such authority by reason of a long established custom, acted upon and acquiesced in, on the one hand, by the national society and local lodges and, on the other, by the members.

Appellant cites two decisions of this court in support of its first proposition, that the secretary of the local lodge had authority to accept Mr. Kraus' application and bind both him and the lodge. In the first of these cases, *Shultice v. Modern Woodmen of America*, 67 Wash. 65, 120 Pac. 531, this court, quoting from *Staats v. Pioneer Ins. Assn.*, 55 Wash. 51, 104 Pac. 185, approved the proposition that

"A corporation can act only through its agents, and they must be held to have such power as inheres in the duties they are assigned to perform."

In the case of *Frank v. Switchmen's Union of North America*, 87 Wash. 634, 152 Pac. 512, we held the lodge liable for an amount larger than that for which the lodge had agreed to be bound, because the local authority had accepted dues in an amount based upon the larger figure.

These cases are not in point here, as, in the first place, authority to accept an application for passive membership nowise inheres in the duties of the secretary of a lodge, but rather, on the contrary, particularly under appellant's by-laws, it is more reasonable to consider that such authority exists only in the lodge, or at least in some authority higher than a secretary. The second case cited is not controlling, as it was decided, of course, only on the facts of the particular case, from which it clearly appeared that the union was bound by the acts of its secretary, who was both in fact and law its agent, with authority to perform the acts which amounted to a binding contract.

In the next place, granted that a practical construction placed by the parties upon an ambiguous contract

will be often-times adopted by the courts, it cannot be held that, because Mr. Kraus, prior to February, 1932, applied for a passive membership and was carried as such a member for two months, he construed appellant's by-laws as giving the local secretary authority to classify him as a passive member. It does not appear that Mr. Kraus knew what procedure had been followed in so classifying him. The cases cited are not in point here.

Neither can it be held that custom or usage had vested the local secretary with the authority which appellant contends he possessed.

■ The secretary testified that Mr. Kraus' application was submitted to the lodge, and that the lodge had passed thereon. The trouble with appellant's defense is that its own evidence is so confused as to just what did happen, and in part so at variance with proven facts, that it would be difficult to hold that the evidence preponderates against the court's finding to the effect that the application was never acted upon or accepted by appellant.

It appears that the only record of the change of Mr. Kraus' membership from active to passive is a note on the assessment book containing the name of the month, August, and the word "passive." Of course, Mr. Kraus did not become a passive member during the month of August; his dues as an active member were paid in full for that month. For the month of September, the record simply shows the word "dead."

The evidence indicates that, as a general rule at least, the central office maintained by appellant was notified by the subordinate lodges of the members who, from time to time, went on the passive list. It does not appear that any notification that Mr. Kraus had changed his status was ever forwarded to the main office.

Much of appellant's evidence is manifestly, to say the least, mistaken in some or other important particular. The trial court heard the witnesses, and entered its finding after carefully considering all the evidence.

It is evident that some action by way of an acceptance of an application to become a passive member was required on the part of appellant, either through its local lodge or an officer thereof, or by some authority somewhere. In connection with such an application, the question of fact was presented as to whether the applying member was residing in the immediate neighborhood; the right to passive membership being limited to such members only. The applicant also must be free from suspicion of abuse of the privilege. It is manifest, therefore, that a member could not become "passive" merely by applying for such a classification. Some acceptance of the application on the part of appellant was necessary. It cannot be held that the evidence preponderates against the finding of the trial court to the effect that no such acceptance was ever accomplished.

This view of the matter renders it unnecessary to discuss the mental capacity of Mr. Kraus at the time he wrote the letter of August 19th.

The judgment appealed from is affirmed.

MILLARD, C. J., MAIN, GERAGHTY, and TOLMAN, JJ., concur.