## † UNITED FIREMEN'S INS. CO. v. MARY KUKRAL ET AL.

1. EXISTING MORTGAGE NOT TO DEFEAT POLICY UNLESS FRAUD
   A policy of fire insurance is to be governed by secs. 3643 and 3644, Rev. Stat., and read as if that statute were a controlling part of it; and the fact that the premises were mortgaged will not defeat a recovery unless there was intentional fraud on the part of the assured.

2. WAIVER OF PROOF OF LOSS MAY BE AFTER TIME FOR EXPIRES.
   A waiver of the time for the presentation of proofs of loss may be made after the time fixed by the policy for such presentation as well as before.

3. DIFFERENT OCCUPATION OF PREMISES THAN REPRESENTED.
   If the premises were partly occupied differently from the statement in the policy, and there was no intentional fraud on the part of the assured, and the agent of the company taking the insurance knew it, these facts will not defeat recovery.

4. PLEADING OF WAIVER OF PROOF OF LOSS.
   It is a sufficient pleading of waiver of the filing of proofs of loss within the time stipulated in the policy to say that defendant waived the filing within the time stipulated and prevented plaintiff from complying with the stipulation of the policy.

5. OBJECTION WAIVED IF NOT MADE UNTIL IN REVIEWING COURT
   Especially if after issue made, **trial and judgment**, objection is first made **in the reviewing court.**

---

*The judgment in this case was affirmed by the Supreme Court, 51 O. S., 609; unreported; it is also distinguished by the Supreme Court, in Webster v. Ins. Co., 53 O. S., 569; The circuit decision is also distinguished in Ins. Co. v. Webster, *post*, 704, 712.

6. WAIVER OF PROOF OF LOSS WAIVES CONDITION LIMITING TIME FOR BRINGING SUIT.

The waiver of proof of loss and denial of liability upon the policy in any event is a waiver of a condition that suit shall only be brought after sixty days after proof of loss.

Error to the Court of Common Pleas of Cuyahoga county.

BALDWIN, J.

This was an action for a loss under a policy of fire insurance issued to cover "a two-story frame, shingle roof building occupied as a saloon and dwelling."

It resulted in a verdict and judgment in favor of defendant in error, plaintiff below, against plaintiff in error, defendant below.

The questions brought before us were upon the first, second, and sixth, and amended defenses. The first being that, whereas it was agreed in the policy "that the interest of the assured is the entire and unconditional and sole ownership of the property, the interest of the assured was not truly stated, but was wilfully concealed, in that said property was conveyed and incumbered by two or more deeds of mortgage."

The second was that the buildings "were represented to be occupied as a dwelling and saloon, and for no other purposes," but the second story was used as a public dance hall, and leased to societies as such. That this representation was false and fraudulent.

The sixth was that the proofs of loss were not rendered within fifteen days of the loss. And a still further defense, that by the policy proof must be furnished sixty days before suit; and that the sixty days had not elapsed when the suit was brought.

The questions discussed arise upon requests to charge.

The second request was:

"If you find that the property insured was, at the time the policy was issued, encumbered by one or more mortgages, then the interest of the assured would not be the entire, unconditional and sole ownership, and she cannot recover in this action."

This very case has been before us before this proceeding in error upon this question, and we then decided, as we do now, that there may have been a mortgage upon the insured premises, and in that sense the ownership may not have been entire, unconditional and sole; and yet the plaintiff may be entitled to recover under sec. 3643, Rev. Stat., which has made an entire change in policies of fire insurance and in the law to be administered in such suits. The court would not have been justified in giving that request unless there were included the element of fraud.

The learned judge delivering the charge so held, remarking that this very case had once been to the supreme court of the state upon the claim that the refusal to give this charge was error—a claim not sustained by that court.

The next request, which was not given, was the third:

"If at the time the policy was issued, the property was mortgaged to nearly its entire value, and plaintiff did not disclose such fact to the defendant, that it would be a failure to disclose material facts affecting the risk, and that this plaintiff cannot recover." Without the element of intentional fraud, we do not think that charge should have been given.

We think it is unnecessary to enlarge upon this, in view of secs. 3643 and 3644, Rev. Stat., and the decision of the supreme court, Ins. Co. v. Leslie, 47 O. S., 409.

The next request, which was not given, was the sixth:

"That no acts of defendant or its agents can be construed a waiver that occurred after the expiration of the time when proofs were to be furnished."

We understand the law to be that proof, or failure to furnish proof, may be waived just as well afterwards as it can be before. The fact is, as will be seen by authorities to which I shall refer hereafter at another branch of the case, an insured may, under certain circumstances, sue without having furnished proof of loss, and it has been held that it may even be waived after the suit is brought.

The ninth request is:

"That if you shall find that said property was insured and represented as being occupied as a dwelling-house and saloon, and for no other purpose, but that in fact the second story of said building was occupied as a public dance hall, the plaintiff cannot recover."

The court says: "I am inclined to charge that proposition;" and then went on with further charges which were quite long, but which we do not find to be erroneous.

The court in substance left the matter to the jury, stating among other things that if it were a public dance hall and the agent knew it when he took the policy, the jury might take that into consideration, and that the contract was to be read as if sec. 3643, Rev. Stat., was a part of it.

This is the part of the charge which was perhaps especially objectionable to the defendant. It was however, we think, perfectly correct; see secs. 3643 and 3644, Rev. Stat., and 47 O. S., 409.

We are referred to pages 61, 62, and 63 of the bill of exceptions as containing evidence that there was a hall called a dance hall; but the testimony does not support the idea that it was a public dance hall in the sense in which such words are generally used.

The tenth request was:

"That according to the terms of the policy, the claim is not payable until sixty days after the furnishing of proofs of loss at the office of the company. If you shall find that the proofs of loss were not received at the office of the company until a period less than sixty days from the date of the beginning of this action, which was October 15, 1885, then I instruct you that this suit was prematurely brought, and the plaintiff cannot recover."

This charge was given, but exception was taken to the accompanying remarks. It was claimed by the plaintiff that she delivered the proofs to the proper agent of the company at the office of the company in Cleveland, and that the agent sent them by mail to the home office in Philadelphia in such time that they may have been received there more than sixty days before the suit was commenced, and she introduced testimony tending to support this claim. The court proceeded, therefore, to further instruct the jury, to consider where was the office of the company, instructing the jury that if the branch office in Cleveland was not authorized to settle losses, it was not the office within the terms of the policy—that if left at the office in Cleveland, the jury should find when the proofs reached the general office, and whether the officers of the company had time to examine them sixty days before the suit was brought.

We think the defendant could find no fault with this charge. These questions were properly left to the jury.

It was further claimed that the proofs of loss were not left within fifteen days from the time of loss as required by the policy, and that the evidence that the presentation of proofs within fifteen days was inadequate, for two reasons:

First—That no such waiver was properly pleaded.

The petition said—

"Plaintiff saith that defendant waived the filing of said statement within fifteen days, and prevented plaintiff from complying with that provision of the policy."

The defendant said "that the time for rendering such statement was not extended by the defendant, and defendant denies that it waived the rendering of said statement within fifteen days, and by any act of defendant prevented plaintiff from complying with that provision of the policy."

Plaintiff in reply admitted she did not render the proof within fifteen days, "but says said time was extended, and said condition was waived by said company, defendant, and waived as in the petition set forth."

To this quite direct allegation and denial of waiver, it is said that the form of pleading used is a conclusion of law, and therefore to be disregarded.

We do not think so. The existence of the waiver was an issuable fact. Matters of law might, on proof, arise under that allegation. The company might have said directly, "we waive the presentation of proof within fifteen days." That

would be a fact, and not a conclusion of law. It certainly could be plead in the manner alleged in the petition, and any proof which would sustain a waiver might be presented. It is not necessary in pleading waiver that the particular circumstances of the waiver be stated. The circumstances are evidential facts. The pleading does not seem to come within the definition or the instances of conclusion of law.

It certainly would be within the rule laid down in Mr. Bates' work on Pleading, page 131.

"If language amounting to a conclusion of law, also, according to its ordinary meaning, contains a fact constituting a cause of action or defense, it is not demurrable, but motion to make it more definite and certain lies, and it is cured by not objecting." Trustees v. Odlin, 8 O. S., 293, 297; Thompson v. Cook, 21 Ia., 472; Schrock v. Cleveland, 29 O. S., 499.

"A conclusion of this kind, not objected to before issue and trial, is not a total failure to state an essential matter, and is not ground of reversal; Moody v. Arthur, 16 Kan., 419 "

To make such objection for the first time after issue joined, tried and decided, is too late.

We find no adjudication that the not furnishing proofs of loss within the stipulated time may not be waived after the stipulated time, although it is several times said it may be waived before. It is a strict condition involving forfeiture of a substantial right, and may be waived before or after.

We had, not long since, a somewhat similar question as to sureties released by an extension, and an indorser released by want of notice. That the surety may waive after he is released, appears in Brandt on Suretyship, sec. 347, and many cases cited. See also Bramble v. Ward, 40 O. S., 267; that the indorser may waive after, see Daniel on Neg. Inst., sec. 1147, and cases; 1 Parsons on Bills and Notes, 594. The last says it may only be strictly waived beforehand, "but the party may by words or acts subsequent to that time relieve the plaintiff from the necessity of proving demand and notice, or render the fact that no demand was made or notice given entirely immaterial." This distinction seems too small for practical use. See McMonigal v. Brown, 45 O. S., 503; as there stated by Judge Dickman, there is no good reason why the waiver may not be after.

The necessary facts and evidence may be different. See Wood on Insurance, sec. 419. In the case of Railroad v. Ins. Co., 105 Mass., 570, the waiver was eight months after. See also Ins. Co. v. Schollenberger, 43 Penn. St., 259.

It may sometimes be waived by taking other grounds of defense, inconsistent with it. 2 May on Ins., 469; Ins. Co. v. Frick, 29 O. S., 467.

Further, if proof of loss is waived, that may be a waiver of the right to withhold payment until after sixty days. The following language, found in 2 May on Insurance, sec. 469, is supported by ample authority: "The waiver of the proof is a waiver of the condition that payment is not to be made till a limited time after the proof; so that, in such case, suit may be brought at once upon the denial of liability, although the time within which, after proof of loss, the payment would be demandable may not have expired."

But this case needs no such law, as the fact of proof sixty days before suit, was submitted to the jury, and decided in favor of the plaintiff.

We are of the opinion, upon the whole, that there is no error in this case for which the case ought to be reversed.

John O. Winship, for plaintiff in error.

L. A. Wilson and W. A. Babcock, for defendant in error.