(86 App. Div. 115.)

## DOBSON v. HARTFORD FIRE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. INSURANCE—ACTION ON POLICY—PROOFS OF LOSS—FAILURE TO SERVE—
   WAIVER—EVIDENCE.
   In an action on a fire policy, evidence *held* sufficient to support a find-
   ing that defendant waived the compliance by plaintiff with the require-
   ment of her policy that she furnish proofs of loss within 60 days after the
   fire occurred, the performance of which condition was the only one in-
   sisted on by defendant as essential to plaintiff's recovery.

2. SAME.
   Waiver of such a condition may be established by proof of conduct,
   subsequent to breach of the condition, which fairly indicates an inten-
   tion to waive the same.

3. SAME—CONSIDERATION.
   No consideration is necessary to support a waiver of proof of loss.

4. SAME—FORFEITURE.
   A waiver of proof of loss, when once established, cannot be recalled
   and a forfeiture insisted on.

5. SAME—RETAINING PROOFS OF LOSS.
   The retention by defendant of the proofs of loss, without objection, for
   a period of 9 or 10 days after they were served, was a circumstance
   which the jury could consider in disposing of the question of waiver.

6. SAME—ADJUSTMENT OF LOSS—AGENT—AUTHORITY.
   Defendant placed the claim in the hands of its adjuster for settlement,
   and referred plaintiff to him as the proper person with whom to nego-
   tiate. *Held*, that he had power under these circumstances to waive any
   condition of the policy.

Appeal from Trial Term, Lewis County.

Action by Nellie A. Dobson against the Hartford Fire Insurance
Company. From a judgment for plaintiff, and from an order deny-
ing defendant's motion for a new trial, it appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and HISCOCK, JJ.

Irving G. Hubbs, for appellant.
Kilby & Norris, for respondent.

ADAMS, P. J. The plaintiff was the owner of a building situate
at a place called Inlet, in the county of Lewis, in this state, which
was occupied as a summer cottage, and was usually unoccupied during
the winter season. On or about September 18, 1900, she applied
to and obtained from the Queens & Suffolk Mutual Fire Insurance
Company, through its local agent, one Copley, a policy of insurance
upon this building and its contents, for the sum of $700, and on the
11th day of May, 1901, the building, together with its contents, was
destroyed by fire. Soon thereafter the plaintiff applied to Copley
for a settlement of her loss, and on the 3d day of September, 1901,
learned for the first time that the Queens & Suffolk Company had
closed up its affairs, that Copley was no longer its agent, and by
some arrangement, the particulars of which were to her unknown,
her property had been reinsured by the defendant. Copley, notwith-

¶ 5. See Insurance, vol. 28, Cent. Dig. §§ 1384, 1388, 1389, 1395, 1398.

standing the fact that he no longer represented the original insurer, recognized the plaintiff's claim as a just one, and undertook to obtain an adjustment thereof by the defendant, but in this he failed, and the plaintiff was compelled to bring this action for its enforcement.

The defendant in its answer sets up four defenses to the plaintiff's claim, viz.: (1) The forfeiture of the policy by reason of the vacancy of the insured building, (2) the fact that the building was insured as a dwelling instead of a summer cottage, (3) the failure of the plaintiff to give immediate notice of the fire as required by the policy, and (4) the plaintiff's failure to serve proofs of loss within 60 days after the fire.

The questions raised by these several defenses were litigated with more or less tenacity upon the trial, but practically the only issue which was deemed worthy of submission to the jury, excepting perhaps the issue first above mentioned, was the one relating to the plaintiff's failure to serve proofs of loss, and the defendant now expressly abandons all other objections to her recovery.

That the plaintiff did not serve any proofs of loss until some time after the expiration of the 60 days within which she was required by the terms of her policy to serve the same, is a fact in the case concerning which there is no dispute; but it was insisted that nevertheless the defendant, with full knowledge of such default, waived this requirement, and the learned trial justice permitted the jury to say, upon all the circumstances of the case, whether or not such was the fact. After a careful examination of the evidence, we are persuaded that the course pursued by the trial court was correct, and that the verdict of the jury, which was for the full amount of the plaintiff's claim, should not be disturbed.

As has already been stated, the plaintiff was unaware, until some four months after the fire occurred, that the defendant had reinsured her property. In the meantime she had applied to Copley for an adjustment of her loss, and he voluntarily notified the defendant by letter of the fire, and advised a settlement. The receipt of this notification was acknowledged by the defendant on the 31st day of May, and Copley was informed that the matter would be placed in the hands of the defendant's special agent, one Smith, of Syracuse, for adjustment. In about 10 days Copley again wrote the defendant, reminding it of its promise to place the matter in the hands of its adjuster, and requested a speedy adjustment, in order that the plaintiff might proceed to rebuild her cottage. In response to this letter Smith went to see Copley, and made some inquiries of him concerning the plaintiff's loss and about the propriety of his having a personal interview with the plaintiff. It seems, however, that nothing further in the way of adjustment was done, and, on the 30th of June, Copley again wrote Smith, saying that he supposed "the matter had been fixed up before this," but had just been informed by the plaintiff that such was not the case, and requested a speedy settlement. To this letter Smith replied, under date of August 5th (more than a month after his receipt of Copley's letter), and suggested to the latter that, as the "agent who issued the policy, it will be proper for you to refer her [the plaintiff] to the printed conditions of the policy, and thereby relieve her mind." It is to be ob-

served that, when this letter was written, the 60 days had expired, and
the plaintiff, lulled into security by the assurance that her loss would
certainly be adjusted by the defendant's adjuster, had omitted to com-
ply with the requirements of the policy respecting the furnishing of
proofs of loss. The purpose of the defendant's delay was thus made
so obvious that Copley, on the 6th day of August, wrote Smith a
sharp letter, asking what he meant by suggesting that he (Copley)
refer the plaintiff to the printed conditions of the policy, adding:

"You certainly would not refuse to pay the claim after telling me that
you would look after it. I think the honorable and cheapest way is to see
her, and I believe you will get a fair settlement. You could hardly take the
advantage of a woman, simply because she failed to send in the regular
proof, when you knew all about it. If this is your meaning, Mr. Smith, I
think you are doing wrong. This was an honest fire, and you must deal
with her in an honest manner."

This appeal apparently had its desired effect, for Copley testified that
he thereafter either saw Smith or received a letter from him, and that
the only condition to which the latter called his attention or insisted
upon was the one relating to the vacancy of the building insured.
However, no further attempt was made to adjust the loss until the
27th day of September following, when the plaintiff's attorneys wrote
the defendant, and they were likewise referred to Smith and requested
to address further communications to him. On the 7th day of Octo-
ber, Smith replied to this letter, stating that the defendant denied all
liability under its policy, upon the ground that the insured property
was unoccupied at the time of the fire, in violation of the conditions of
the policy, and upon the further ground that proofs of loss had not
been served within the required time, which was the first information
the plaintiff had received that the latter ground was to be urged. Up-
on the same day that this letter was dated, the plaintiff's attorneys
wrote Smith requesting him to furnish them with blank proofs of loss,
and it is conceded that such proofs were mailed to the defendant on
the 9th day of November following; that they were received by the
defendant on the 11th, and immediately forwarded to Smith, who re-
tained them until the 18th, when he returned them, with a statement
to the effect that the defendant declined to receive them, and denied all
liability for the same reasons stated in his letter of October 7th.

These facts, together with others of somewhat less importance
which have not been specifically mentioned, are, in our opinion, suf-
ficient to support the conclusion reached by the jury, that the defend-
ant waived the performance of the only condition which it is now in-
sisted was essential to the plaintiff's recovery upon her policy.

It is the established law of this state, as we understand it, that a
waiver of such a condition may be established by proof of acts of con-
duct, occurring subsequent to the breach of the condition, which fairly
indicate an intention to waive the same, and that no consideration is
necessary to support such a waiver (Prentice v. Knickerbocker L. Ins.
Co., 77 N. Y. 483, 33 Am. Rep. 651); also that such a waiver, when
once established, cannot be recalled and a forfeiture insisted upon.
Brink v. Hanover F. Ins. Co., 80 N. Y. 108. It is perhaps needless
to add that such waiver need not be made in express terms, but may
be inferred from circumstances.

In Goodwin v. Mass. Mut. Life Ins. Co., 73 N. Y. 480, which was an action upon a policy of life insurance, the plaintiff informed the defendant's agent of the death of the insured, who in turn notified his principal of the fact. Ten days thereafter the plaintiff called upon the agent and asked what was to be done. The agent replied that nothing could be done, as the policy had lapsed and was void. No blanks were furnished, and the defendant refused to pay on the ground stated. After the expiration of the time within which proofs of death should have been furnished, the plaintiff's counsel wrote the defendant stating that the plaintiff had been misled by the information of the defendant's agent in not furnishing proofs of death, to which the defendant answered that the counsel had mistaken the grounds of the defendant's refusal to pay, and placed its objection upon the ground of the expiration of the policy. Proofs of death were thereupon made out and sent to the defendant, and retained by it without objection. It was held that these facts established a waiver of the objection that proofs of death were not furnished in due time.

If the witness Copley is to be believed—and the jury certainly had a right to believe him—the defendant placed its refusal to pay solely upon the ground of the vacancy, with full knowledge that the plaintiff's time to serve proofs of loss had expired, and this fact brings the case directly within the principle of the one above cited.

In Walker v. Phœnix Ins. Co., 156 N. Y. 628–633, 51 N. E. 392, 394, it was said:

"It is well established that, if the words and acts of the insurer reasonably justify the conclusion that, with full knowledge of all the facts, it intended to abandon or not to insist upon the particular defense afterward relied upon, a verdict or finding to that effect establishes a waiver, which, if it once exists, can never be revoked."

Which was practically a reiteration of the same principle enunciated in Goodwin v. Mass. Mutual L. Ins. Co., supra, in the explicit language which follows:

"When an insurance company, by means of its officers or agents, in response to a claim for a loss, fails to say anything about the time of presenting the proofs after it has expired, but claims some other defense, the presumption is that it does not intend to interpose any other besides that named, and it is a fair inference to be derived from the fact that it was silent on the subject, that it designed to waive the violation of such a condition."

But the circumstance above adverted to is by no means the only one in the case which tends to establish a waiver. The retention by the defendant of the proofs of loss, without objection, for a period of 9 or 10 days after they had been served, was a circumstance which the jury had a right to take into consideration in disposing of this question.

Owen v. Farmers' Joint Stock Insurance Co., 57 Barb. 518, was a case where, with full knowledge of the forfeiture, the proofs were kept for this precise length of time. This was held to be some evidence of a waiver, and the decision of the General Term to that effect was subsequently affirmed in the Court of Appeals. See Baggerly v. Farmers' Joint Stock Ins. Co., 72 N. Y. 601; Van Allen v. Same Defendant, Id. 604; Goodwin v. Mass. Mut. L. Ins. Co., supra.

The defendant places much reliance upon the case of Brink v. Hanover Fire Insurance Co., 70 N. Y. 593, which apparently enunciates a different principle from the one asserted in the cases to which we have adverted, but upon a careful reading of that case it will be discovered that the principle there declared is simply the opinion of one member of the court, and that it was speedily repudiated by the court itself. Brink v. Hanover Fire Insurance Co., 80 N. Y. 108.

There is but one other question in the case which requires our attention, and that relates to the right of Smith to waive the furnishing of proofs of loss within the specified time; and all that we deem it necessary to say upon this subject is that he was the defendant's adjuster, that the claim was placed in his hands by the defendant for settlement, that the plaintiff was referred to him as the proper person with whom to negotiate, and that he was consequently clothed with as much authority to adjust and settle the plaintiff's claim as was the defendant itself. Under these circumstances, there can be no doubt as to his power to waive any condition of the policy. McGuire v. H. F. Ins. Co., 7 App. Div. 575, 40 N. Y. Supp. 300, affirmed 158 N. Y. 680, 52 N. E. 1124; Sergent v. L. & L. & G. Ins. Co., 155 N. Y. 349, 49 N. E. 935; Smaldone v. Ins. Co. of N. Am., 162 N. Y. 580, 57 N. E. 168. We think the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.