[No. 10476.  Department Two.  November 15, 1912.]

C. M. HATCHER, *Respondent*, v. SOVEREIGN FIRE ASSURANCE
COMPANY OF CANADA, *Appellant.*[1]

INSURANCE—FIRE INSURANCE—PROOFS OF LOSS—WAIVER.  The re-
quirement that proofs of loss be furnished within sixty days after
the fire, may be waived, although the conduct of the insurer con-
stituting the waiver occurred subsequent to the time fixed in the
policy for the proofs to be furnished.

SAME—PROOFS OF LOSS—WAIVER.  Proofs of loss are waived where,
in answer to the direct question whether any formal proofs of loss
were wanted or would be waived, the agent answered in the affirma-
tive and stated that they would waive formal proofs of loss.

SAME—PROOFS OF LOSS—WAIVER.  The express waiver of formal
proofs of loss is not affected by a stipulation that any action taken
in investigating the fire and ascertaining the amount of damages
shall not waive or invalidate any of the conditions of the policy or
any rights of the parties; as the company could waive any right it
had under the stipulation; and because the waiver is not inferred
from any action in the investigation, etc.

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS TO PLEADINGS AND
EVIDENCE.  The relevancy of evidence of a waiver of proofs of loss
after the expiration of the time fixed in the policy, under pleadings
raising an issue as to waiver before the expiration, not having been
raised at the trial, except by objection that it was "immaterial," can-
not be first made on appeal, counsel not having suggested surprise
on account of the admission of the testimony.

Appeal from a judgment of the superior court for King
county, Main, J., entered January 6, 1912, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
on a fire insurance policy.  Affirmed.

*Granger & Clarke,* for appellant.

*Kerr & McCord,* for respondent.

MORRIS, J.—Action upon a fire insurance policy, and ap-
peal from judgment awarding recovery.

[1]Reported in 127 Pac. 588.

It will not be necessary to state the facts, except in so far as they bear upon the questions of law submitted by the appeal. The policy provided that proofs of loss should be furnished within sixty days after the loss occurred. It is admitted, while there was some attempt to comply with this requirement, that formal proofs of loss were not furnished within the sixty days, and respondent's recovery must depend upon his contention that this requirement may be, and was, waived after the expiration of the sixty days. As we view it, all of the errors suggested go to this one point, and they can well be discussed under one head.

It must be admitted that there is some conflict of opinion upon this question. While it is uniformly held that this requirement is a valid one, and can only be defeated by a waiver, the conflict arises as to when this waiver may be made in order to bind the insurer. It will not be necessary to discuss these conflicting authorities, since the only thing of value in this opinion is to indicate which doctrine this court will follow. After due consideration, we have decided to unite with those courts which hold that the waiver will be effectual although the act or conduct of the insurer relied upon to constitute such waiver is subsequent to the time fixed by the policy within which proofs of loss must be furnished. We cannot understand why, when the insurer, with full knowledge of the terms of its policy, knowing that, under a strict construction of its terms, the insured by his failure to comply with those terms has breached the condition of his recovery, it may not waive such breach; and when it so acts as to lead the insured to believe that he has not lost his rights under the policy, but that it is still in full force and binding upon the insurer, may not be held to as strict accountability as when the waiver takes place before the time fixed in the policy in which to furnish proofs of loss expires. Such a requirement as to time is nothing more than a condition involving forfeiture of a substantial right, and the application of the doctrine of waiver should be as effectual after the time

as before. Since the only question is whether the strict observance of a contractual right will be insisted on, we can see no reason why such a strict observance may not be waived in this case as in many others that might be cited, irrespective of the time of such waiver. There could be no question in this case of the sufficiency of the evidence to establish the waiver. The question was asked of appellant's agent: "Mr. Roberts, do you want any formal proofs of loss, or is this sufficient? Will you waive the proofs of loss?" To which, it is testified, reply was made: "Certainly, we are not technical . . . We will waive the formal proofs of loss." The following cases are among those supporting the rule we have adopted: *Prentice v. Knickerbocker Life Ins. Co.,* 77 N. Y. 483, 33 Am. Rep. 651; *Equitable Life Assur. Soc. v. Winning,* 58 Fed. 541; *Hibernia Ins. Co. v. O'Connor,* 29 Mich. 240; *Rokes v. Amazon Ins. Co.,* 51 Md. 512, 34 Am. Rep. 323; *Fink v. Lancashire Ins. Co.,* 60 Mo. App. 673; *Dobson v. Hartford Fire Ins. Co.,* 86 App. Div. 115, 83 N. Y. Supp. 456; *United Firemen's Ins. Co. v. Kukral,* 4 Ohio Cir. Dec. 633; *Johnson v. Dakota Fire & Marine Ins. Co.,* 1 N. D. 167, 45 N. W. 799; *Capital City Ins. Co. v. Caldwell,* 95 Ala. 77, 10 South. 355.

Respondent contends that, under an agreement entered into between the parties on May 11, 1910, appellant cannot now claim the benefit of any subsequent waiver. This agreement is as follows:

"It is hereby stipulated and agreed by and between C. M. Hatcher, party of the first part, and the Imperial Underwriters of Canada (The Sovereign Fire Assurance Company of Canada) and other companies signing this agreement, party of the second part, that any action taken by said party of the second part in investigating the cause of fire or investigating and ascertaining the amount of loss and damage to the property of the party of the first part caused by fire alleged to have occurred on the 6th day of May, 1910, shall not waive or invalidate any of the conditions of the policy of

the party of the second part held by the party of the first part, and shall not waive or invalidate any right whatever of either of the parties to this agreement.

"The intention of this agreement is to preserve the rights of all parties hereto and provide for an investigation of the fire and the determination of the amount of the loss or damage in order that the party of the first part shall not be delayed unnecessarily in his business, and in order that the amount of his claim may be ascertained and determined without regard to the liability of the party of the second part.

"Witness our hands and seals in duplicate this 11th day of May, 1910.            C. M. HATCHER,

"J. T. ANDERSON, for the Imperial Underwriters of Canada, The Sovereign Assurance Company of Canada."

We cannot so hold. This agreement was made for the benefit of the company, and it could, if it so desired, waive any right it had obtained thereunder. To hold otherwise is to say one cannot waive the stipulations of a contract, nor depart from a right he has once obtained. Such is not the law. Besides, this waiver is not inferred from "any action taken  .  .  .  in investigating the cause of the fire or investigating and ascertaining the amount of loss." It rests, if at all, upon the direct statement, "We will waive the formal proofs of loss," and not upon any act or circumstance which might be interpreted by the jury as indicating an intention to waive. In other words, by this agreement the company insisted that its subsequent acts should not be subject to the interpretation of any one except itself, and that it and it alone should have the right to say what it would and what it would not do in insisting upon any stipulation in the policy; and having thereafter expressly waived, it cannot now insist that this agreement makes such waiver valueless.

It is also insisted that we have held in *Deer Trail Consol. Min. Co. v. Maryland Casualty Co.*, 36 Wash. 46, 78 Pac. 135, 67 L. R. A. 275, that there can be no waiver after the time

fixed in the policy for furnishing proofs of loss has expired. We do not so read that opinion. We there held that "immediate notice" meant notice within a reasonable time, and that eight months was not a reasonable time, and that a statement made on January 21, eight months after an accident, that "we could make out proof of the accident" on the 28th or 29th of January, to which reply was made "Very well; that will be soon enough," was insufficient to show a waiver; that it could mean nothing more than that proof on "the 28th or 29th would do as well then as at the date of the conversation, which was on January 22d," and that, if the proof of loss had been made out and submitted on January 22d, its receipt by the casualty company would not be held to be a waiver of its right to defend against the policy, because notice was not given within a reasonable time. The court does not there say there could be no waiver after the time fixed, which it construes to be a reasonable time; but that the reply of the agent, "Very well; that will be soon enough," could not be held to be a waiver. The further language of the court, "It was too late on January 22d to give the notice, the respondents were then in default," cannot be held to mean that the casualty company could not waive the default, but only that it did not waive it, nor extend the rights of the mining company beyond what they were on January 22d.

There is also some contention that the pleadings only raise an issue of waiver before the expiration of the sixty days, and not subsequent thereto. The relevancy of this evidence was not questioned at the trial. It was objected to as "immaterial," meaning, as we take it, to raise the same question as is here raised, that there could be no waiver after the sixty days had expired, a question of law rather than one of pleading. We do not think that counsel, having failed to suggest any question of issue, or surprise, or unpreparedness to proceed on account of the admission of this testimony, should now be permitted to insist upon a technical reading of the

complaint, not insisted upon nor called in question upon the trial.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and ELLIS, JJ., concur.

MAIN, J., took no part.