[No. 14038.   Department One.   October 19, 1917.]

BOZIDAR BOSKOVICH, *Appellant*, v. UNION ASSURANCE
SOCIETY, LIMITED, *of London, Respondent.*[1]

INSURANCE—FIRE INSURANCE — PROOFS OF LOSS — WAIVER—EVI-
DENCE—SUFFICIENCY. The sworn proofs of loss required by the New
York standard form of fire insurance policy to be furnished within
sixty days after the loss are waived where, immediately after the fire,
the insured notified the company of the loss, furnished upon request
an itemized inventory and all information desired by the company
and was assured that nothing further was necessary and was there-
by misled to believe that the statement made was a full compliance
with the policy.

Appeal from a judgment of the superior court for Pierce
county, Easterday, J., entered September 18, 1916, upon
sustaining a demurrer to the complaint, dismissing an action
on a fire insurance policy.   Reversed.

*Govnor Teats, Leo Teats,* and *Ralph Teats,* for appellant.
*Hoppe & Hoppe* and *Leo & Flaskett,* for respondent.

MAIN, J.—This action is based upon a fire insurance pol-
icy, and recovery is sought for loss which it is claimed was
covered by the policy.   To the fifth amended complaint,
which will be referred to as the complaint, a demurrer was
interposed and sustained, and judgment entered dismissing
the action.   From this judgment, the plaintiff appeals.

The facts, as alleged in the complaint, may be stated as
follows:   The appellant was the owner of certain household
furniture and personal effects which were in a house at No.
2423, North 29th street, in the city of Tacoma.   On the 31st
day of December, 1914, he bought a policy of fire insurance
covering this property in the sum of $600.   The policy was
issued by the Safe Deposit Company of Tacoma, the agent
of the respondent.   The property covered by the policy was
totally destroyed by fire on the 8th day of October, 1915.

[1]Reported in 168 Pac. 166.

The adjuster of the respondent was the Pacific Coast Adjustment Bureau of Seattle, which acted in relation to the appellant's loss through its agent Raymond C. Gillette. What transpired between the parties after the fire is set forth in paragraphs six and seven of the complaint, and is as follows:

"Sixth:   That for some time prior to the time of the said fire, and until about January 1st, 1916, plaintiff was working as a cook at Gig Harbor, Washington, that the Pacific Coast Adjustment Bureau of Seattle, through its agent Raymond C. Gillette, represented said company as agent and adjuster in the negotiations and adjustment incident to said loss; that plaintiff is uneducated and unable to read or write the English language, that he wholly relied upon the agent and adjuster of the defendant company to direct him in the procedure necessary to adjust his loss hereinbefore mentioned, which fact was well known to said agent and adjuster; that immediately after said fire, plaintiff went to the office of said agent for defendant company, at Tacoma, Pierce county, Washington, and notified it of the loss, gave said agent all the information he had regarding said fire, and inquired what was necessary to be done in order to have same adjusted, whereupon said agent instructed plaintiff to furnish it an inventory of the goods destroyed, covered by said policy, which plaintiff did, together with the value of each item, also to meet the adjuster at the place of the fire on or about the 14th day of October, 1915, at nine o'clock, a. m.; that the said adjuster failed to keep said appointment, whereupon plaintiff went to the office of the agent, and said agent instructed plaintiff to meet the adjuster at the office of the agent a few days later; that plaintiff met the adjuster as instructed at the office of the agent, that said adjuster examined plaintiff fully regarding the said fire, and plaintiff gave said adjuster all the information which he had regarding same, that said adjuster informed plaintiff that he had visited the place of the fire and had carefully examined same; that said adjuster went over the items in the inventory, submitted by plaintiff, with plaintiff; that plaintiff then inquired of said adjuster and agent of the defendant company if he had all the information he desired, and if there was anything further necessary for the plaintiff to do, to which the

said agent and adjuster replied, 'there is nothing further for you to do; I have all the information I want;' a few days later plaintiff visited the office of the said agent and inquired as to when they would pay the loss and was informed by said agent that he would write said adjuster the next day and would keep him advised; that a few days later plaintiff again went to the office of the agent and again inquired as to when they would pay said loss, whereupon said agent told plaintiff not to be in a hurry, that things would come out all right and he would again take up the matter with said adjuster; that a few days later, plaintiff went to the office of the agent and told said agent that he was losing too much time, that he would have to go back to his work and would see him later on; that said agent told plaintiff he would write to the adjuster and fix it up and that everything would be all right, whereupon plaintiff went to Gig Harbor, and did not return to the city of Tacoma, until the 29th day of December, 1915; that said agent and adjuster knew that plaintiff was at Gig Harbor, Washington; that he objected to coming to Tacoma every few days, and that he relied wholly upon them to instruct him in the procedure necessary to adjust said loss, and that they failed and neglected to inform plaintiff to make written proof of loss, except that in a letter written by said adjuster to the plaintiff on November 16th, 1915, addressed to No. 2423, No. 29th Street, Tacoma, Washington, plaintiff was 'referred to the terms and conditions of the policy for the proper presentation of any claim which he might allege by reason of his loss and damages covered by said policy,' which letter was not received by plaintiff until after the time for making proof of loss had expired, and that plaintiff did not know from the terms of said letter what was intended thereby, which fact was well known to said agent and adjuster; that by reason of the actions of said agent and adjuster other or more formal proof of loss was thereby waived by said defendant, and it was estopped thereby from requiring the same or objecting to any defects in those furnished.

"Seventh: That on or about the 3d day of January, 1916, shortly after the plaintiff returned to the city of Tacoma, he again visited the office of said agent and inquired as to when the defendant company was going to settle with him, and said agent told him that he could do nothing for him, that on or about January 28th, 1916, the defendant

refused to pay the damages sustained by plaintiff to his property covered by said policy by reason of said fire, and based its refusal upon the grounds that the fire had been purposely set, and that the statements regarding the loss had been greatly exaggerated, and that plaintiff had failed to make proof of loss; that all during the time that plaintiff was trying to have his claim adjusted by defendant he was never given any reason why defendant would not pay said loss, and did not know until January 28th, 1916, when defendant refused to pay said claim, after the time for filing proof of loss had expired, that his policy was not considered by defendant in full force, effect and virtue, that by reason of defendant's action as hereinbefore mentioned, defendant waived proof of loss."

The policy upon which the action is based is the New York standard form and contains a provision that, within sixty days after the fire, unless such time is extended in writing by the company, the insured shall render a statement to the company, which shall be signed and sworn to. In this case, no sworn statement was furnished.

The controlling question is whether the facts alleged in the sixth and seventh paragraphs of the complaint would justify a finding that that provision of the policy which required a sworn statement had been waived by the agents of the company. The facts stated in the complaint are strikingly similar to those occurring in the recent case of *Ramat v. California Insurance Co.*, 95 Wash. 571, 164 Pac. 219, where it was held that the jury would be warranted in finding that the agents of the company misled the insured and he was thereby lulled into the belief that nothing further on his part was necessary to be done in order to have the insurance adjusted. It was there said:

"It is our opinion, also, that the section (Rem. Code, § 6059-34) is applicable to the other condition of the policy claimed to have been broken, namely, that sworn proofs of loss were not furnished within the sixty days. But here again there was evidence tending to show that the respondent was misled by the acts of the appellant's agents. There was testimony tending to show that on the occurrence of the fire,

he immediately notified the agent who issued to him the policy of insurance. This agent referred him to the company's adjuster, who requested a statement of the loss. This was furnished and the matter proceeded until after the expiration of the sixty days before any information was given the insured that his acts were not considered by the company as a compliance with the policy. The jury, we think, would have been warranted in finding that the acts of the agents misled the respondent; that he was led by them to believe that the appellant treated the return actually made as a compliance with the policy, and was thereby lulled into the belief that nothing further on his part was necessary to be done in order to have the insurance adjusted. Under the decisions of this court based on the prior statutes, this court has held that there could be a waiver on the part of the company of similar conditions of an insurance policy, and that they were waived by acts similar to those shown in the present record. *Staats v. Pioneer Insurance Ass'n,* 55 Wash. 51, 104 Pac. 185.

"It seems to us the same rule must obtain under the present statute. While the language of the section quoted may not meet the precise situation, it is especially provided that it shall be liberally construed, and the plain intent of the statute is that liability for losses shall not be avoided for a mere want of a literal compliance with the provisions of the policy which do not contribute to the loss or operate to the injury of the insurer. . . .

"We conclude, therefore, that the court did not err in refusing to grant the motion for nonsuit, or err in refusing to sustain the challenge to the sufficiency of the evidence."

The opinion in that case was not filed until subsequent to the writing of the briefs in the present case. Since the question is there fully considered, it does not seem necessary to again enter upon its discussion. It is true that the complaint states that the adjuster wrote a letter to the appellant on November 16, 1915, calling his attention to the terms of the policy for the proper presentation of a claim, but it is also alleged that this letter was addressed to 2423, North 29th street, Tacoma, Washington, the place where the fire occurred, and that the adjuster then knew that the appellant

was at Gig Harbor, Washington. The further fact is alleged that the letter was not received by the appellant until the sixty-day period subsequent to the fire had expired. If the facts alleged in the complaint are true, they would justify a finding that the appellant had been misled by the acts of the agents of the respondent and was thereby lulled into the belief that nothing further on his part was necessary to be done in order to have the insurance adjusted. Under the holding in the case above cited, the complaint stated a cause of action, and the sustaining of the demurrer thereto was error.

The judgment will be reversed, and the cause remanded, with direction to the superior court to overrule the demurrer.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.