[No. 17723.   Department Two.   August 29, 1923.]

## J. J. McGILLICUDDY, *Appellant,* v. NEW BRUNSWICK FIRE INSURANCE COMPANY, *Respondent.*[1]

INSURANCE (136)—FIRE INSURANCE—PROOFS OF LOSS—AUTHORITY OF AGENT—EVIDENCE—SUFFICIENCY. Where proofs of loss were duly prepared and delivered to the soliciting agent, the latter is presumed to have duly delivered the proofs to the insurance company, where the insurance company proceeded to adjust the loss.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered February 28, 1922, in favor of the defendant, notwithstanding the verdict of a jury by direction of the court in favor of the plaintiff, in an action on a fire insurance policy. Reversed.

*W..H. Mason* and *Merritt, Lantry & Baske,* for appellant.

*E. Eugene Davis,* for respondent.

PEMBERTON, J.—Appellant instituted this action against respondent to recover $2,500 upon a fire insurance policy covering certain personal property destroyed by fire.

After evidence was introduced on the part of appellant, he rested his case. The respondent submitted the case without evidence, and the court directed a verdict for the appellant in the sum of $2,500. Thereafter the trial court granted a motion of respondent for judgment notwithstanding the verdict and dismissed the action, from which judgment of dismissal this appeal is taken.

The principal point in controversy is whether or not the service of proof of loss upon the agent of the com-

[1] Reported in 217 Pac. 1000.

pany who wrote the policy was a compliance with the policy providing for furnishing proof of loss.

It appears that the trial court relied principally upon the case of *Ferdenando v. Milwaukee Mechanics' Ins. Co.*, 81 Wash. 244, 142 Pac. 693, wherein the statement was made that:

"The law is well settled that a local agent has no such power where the only authority relied upon is proof of the fact that he solicited the insurance and, having received it, delivered the policy to the insured."

It appears that an insurance agent may adjust and settle the losses of a company without procuring an adjuster's license.   Section 7081, Rem. Comp. Stat. [P. C. § 2944], providing for the appointment of an insurance adjuster annually and providing that such insurance adjuster shall procure a license permitting him to adjust losses for authorized insurance companies, provides in part as follows:

"Provided that an agent for a duly authorized insurance company may adjust and settle losses for the company for which he is licensed agent without procuring an 'adjuster's' license."

Immediately after the fire, in answer to a telegram from appellant, James H. de Veuve, the agent issuing the policy, sent the following telegram:

"Policies aggregating twenty-five hundred on mill five thousand on machinery and tools properly assigned to you October fifteenth and mailed to Mondovi Washington November tenth all in good order please advise when adjuster can accompany you to plant."

The testimony shows that thereafter the adjuster of the company, a Mr. Webster, in company with Mr. Flagg, an adjuster for appellant, proceeded to investigate and adjust the extent of the loss for both appel-

lant and respondent. Mr. Webster resided in Spokane, and when asked how he knew Mr. Webster, appellant answered:

"A. Mr. de Veuve, through de Veuve, I suppose, a telegram. Q. And you took up the matter with Mr. Webster, did you? A. I did. Q. Did you submit to him the different things he asked for? A. I did. Q. From time to time? A. Yes. Q. Did Mr. Webster come to the scene of the fire? A. He did. Q. About what time? A. About the 13th, I think, or 14th, or 15th, I do not know just the date. Q. A few days after the fire? A. Yes, three or four days after."

The proof of loss was prepared and delivered to the soliciting agent, Mr. de Veuve, and from the testimony in this case, which is not disputed, we must hold that this soliciting agent was authorized to act for respondent. Since the respondent proceeded to adjust the loss, we must presume that the proof of loss submitted to de Veuve, their agent, was duly delivered to respondent, and this proof being delivered within sixty days, was sufficient under the law. The mere lack of literal compliance with the provisions of the policy is insufficient to avoid liability.

"The plain intent of the statute is that liability for losses shall not be avoided for a mere want of a literal compliance with the provisions of the policy which do not contribute to the loss or operate to the injury of the insurer." *Ramat v. California Ins. Co.*, 95 Wash. 571, 164 Pac. 219.

See, also, *Boskovich v. Union Assurance Society*, 98 Wash. 579, 168 Pac. 166; *Hatcher v. Sovereign Fire Assurance Co.*, 71 Wash. 79, 127 Pac. 588.

It was error for the trial court to grant the motion of respondent for judgment notwithstanding the verdict. The judgment is reversed, and the case remanded with directions to enter judgment in favor of

appellant and against respondent in the amount of $2,500 and costs.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.