MARY ORWAT and Another, Plaintiffs, v. ÆTNA INSURANCE COM-
PANY, Defendant.

Supreme Court, Erie County, January 17, 1928.

Insurance — fire insurance — policy covered "frame dwelling and addi-
tions thereto" — property consisted of main house on front of lot and
small cottage in rear which was connected with main house by shed —
waiver of defense of failure to furnish proof of loss — policy covered
both buildings.

The policy of fire insurance involved in this action was issued by the defendant
"on the frame dwelling and additions thereto," which were situated on a
certain lot. A two-flat frame building was standing on the front of the lot and
in the rear there was a frame cottage which was connected to the front building
by a shed.

The defendant waived his defense of failure to furnish proof of loss within the
time specified by disclaiming liability on the policy.

The policy properly construed covers both buildings and the plaintiff is entitled
to judgment.

ACTION to recover loss under fire insurance policy.

*Madge Taggart Doyle* [*Bernard B. Swartz* of counsel], for the
plaintiffs.

*Shire & Jellinek* [*James M. H. Wallace* of counsel], for the
defendant.

NOONAN, J. This action is to recover for damages caused by
fire under a policy of insurance issued by defendant. At the close
of the trial there was no disputed question of fact for the jury,
so the case was submitted to the court for decision.

On November 1, 1926, the plaintiff Mary Orwat owned, in fee,
the premises known as No. 218 Orlando street in the city of Buffalo,
N. Y., consisting of a lot thirty by one hundred and ten and
one-half feet and the buildings thereon. In the front was a two-flat
frame building, and in the rear a frame cottage. These buildings
were firmly connected with each other by a structure, called a shed,
about twelve feet long, eight feet high and six feet wide and inclosed
on all sides.

On said day, about eleven P. M., while the plaintiff was away
from home, a fire occurred in said cottage, causing a loss which
said plaintiff claims was covered by the following insurance policies:

One for $1,000, which specifically covered "the frame building
and additions thereto    *    *    *    situate in the *rear* 218 Orlando St."

One for $1,500, $1,000 on the front building and $500 on rear,
and "additions."

One for $2,000, issued by defendant, "on the frame dwelling

and *additions* thereto, including foundations, porches, verandas, * * * and all other permanent fixtures and improvements, contained in, attached, or pertaining thereto. Situate No. 218 Orlando St., in Buffalo, N. Y.''

All of said companies were notified about the fire and the resultant loss, and the defendant disclaimed liability on the sole ground that its policy did not cover the building damaged by the fire, and did not take any part in the adjustment of the loss, which was carried through by the other companies.

After the usual appraisal the adjusters fixed the loss at $1,559.19, and apportioned it as follows: ten-forty-fifths to the first company; fifteen-forty-fifths to the second company which assumed liability in proportion to the whole amount of its policy and not on the proportion to the $500 specifically covering the cottage that was damaged; and twenty-forty-fifths, or $692.97, to the defendant.

The others paid the losses as adjusted, and the defendant is contesting the claim against it on two grounds:

1. That proper proof of loss was not filed in time.

2. That its policy did not cover the building damaged by the fire.

There is no merit in the first defense. By disclaiming liability it waived its right to proof of loss. (33 C. J. 32, § 694; *Cornell* v. *Travelers' Ins. Co.*, 120 App. Div. 459; affd., 192 N. Y. 587; *Dobson* v. *Hartford F. Ins. Co.*, 86 App. Div. 115; affd., 179 N. Y. 557; *Heilner* v. *China Mut. Ins. Co.*, 60 N. Y. Super. Ct. [28 J. & S.] 362; *Post* v. *Ætna Ins. Co.*, 43 Barb. 351.)

There is also no merit to the second defense. If the description of the insured premises is ambiguous, that meaning should be given which is most favorable to the insured. (*Rickerson* v. *Hartford F. Ins. Co.*, 149 N. Y. 307; *Gertner* v. *Glens Falls Ins. Co.*, 193 App. Div. 836; affd., 233 N. Y. 568.) In the former case the policy described the premises as the building and additions at a certain street number, and there were two buildings owned by the insured at that street number, one on the front and the other at the rear of the lot, and connected externally by an intervening structure. That is exactly the situation in the instant case. Any other rule of construction would enable the defendant to avoid its just obligations. If the fire had occurred in the front building the defendant might, under its theory of the contract, disclaim liability on the ground that its policy covered only the cottage in the rear.

The principles of law in the *Rickerson* case have been followed in many subsequent cases (*Bushey & Sons* v. *American Ins. Co.*, 237 N. Y. 25, and cases cited; *Ayers* v. *Palatine Ins. Co.*, 234 id. 334) and judgment may be entered in favor of the plaintiff Mary Orwat against the defendant for $692.92 damages, with interest thereon from January 1, 1927, with costs.