[No. 21626.   Department Two.   May 16, 1929.]

JOSIAH BOWDEN, *Respondent*, v. GENERAL INSURANCE COMPANY OF AMERICA, *Appellant*.[1]

[1]Reported in 277 Pac. 443.

200

*Short & Short* and *Joseph Hovey,* for appellant.

*J. V. Hoeffler* and *E. E. Wager,* for respondent.

PARKER, J.—The plaintiff, Bowden, seeks recovery upon an insurance policy issued by the defendant insurance company, insuring his Paige automobile against damage or loss by fire. Trial in the superior court for Kittitas county, sitting without a jury, resulted in findings and judgment awarding to Bowden recovery in the sum of $700. From this judgment, the insurance company has appealed to this court.

In June, 1923, Bowden purchased the automobile from a dealer. It had been used, as Bowden was then informed, only by the dealer, and had been driven eight thousand miles. It was, we shall assume, a model of the year 1920, though Bowden is uncertain as to whether it was a 1920 or a 1921 model. A solicitor in the employ of the T. L. Henness agency of Cle Elum, in Kittitas county, a duly authorized policy-issuing agency of the insurance company, approached Bowden and induced him to insure his automobile, the automobile being then present. The solicitor examined it, and, upon inquiry as to its model, Bowden said he thought it was a 1920 or 1921 model, but told the solicitor to examine it for himself, which he did. Bowden also then told the solicitor that he purchased it in June, 1923, for $1,200 cash, and another car for the same amount. The solicitor then expressed the opinion that the automobile was in such good condition that it could probably be insured for $700 as a 1921 model, and that he would see the Henness agency about it. No written application or representation was made by Bowden.

A short time thereafter, the solicitor delivered to Bowden the policy, duly countersigned and executed by the Henness agency, insuring the automobile against fire loss or damage to the extent of $700, for the term of one year commencing July 16, 1924. Bowden had no conversation or negotiations with any person looking to the writing of the insurance other than with the solicitor. The policy correctly described the automobile by name, type of body, factory number and motor number; this under appropriately headed columns, and in the column headed "year" the figures "1921" were inserted. In another appropriately headed series of columns, purporting to state facts relative to the purchase of the automobile by the assured, there were stated these facts: "Date of purchase by assured, month ............... year 1921;" "New or second hand, new;" "Actual cost to assured, $2,500." On July 14, 1925, during the term of the policy, the automobile was practically wholly destroyed by fire. Its damage was in excess of $700 in value.

Promptly following the fire, Bowden notified the Henness agency of the loss. In response to that notice, the insurance company sent, from its head office in Seattle, its claim agent and adjuster to Cle Elum, to make investigation of the loss, and to adjust the loss if found by him to be a liability of the insurance company. The adjuster then made thorough investigation of the loss, Bowden orally giving to the adjuster all detailed information asked for. Bowden testified that, when the adjuster had completed his investigation, he said to Bowden that he would see that the matter would be speedily adjusted, and that he would not need any further information so far as he could see at that time. Thereafter the adjuster wrote to Bowden, asking for what he conceived to be further information, concluding his letter as follows: "Kindly let me

have this information as soon as possible so that we can proceed with the adjustment." Bowden promptly replied, giving fully the requested information, which, however, it seems to us, was substantially as had been given to the adjuster by Bowden orally. Thereafter, there being some delay, Bowden made inquiry of the insurance company, by letter to the adjuster, and requested a decision upon the matter of adjustment. Thereafter, a representative of the loss department of the insurance company, by letter, acknowledged receipt of Bowden's inquiry, saying:

"We expect to be able to give you a definite answer within a few days as to just what our decision will be in the handling of your particular case."

Thereafter, on October 17, 1925, a representative of the loss department of the insurance company notified Bowden, by letter, that the company declined to acknowledge its liability under the policy. This letter, it will be noticed, was written three days following the expiration of the sixty-day limitation following the loss for the presentation of proof of loss by the insured, which limitation is stated in the policy as follows:

"It is a condition of this policy that failure on the part of the assured to render sworn statement of loss to the company within sixty days of the date of the loss (unless such time is extended in writing by the company) shall render such claim null and void."

Soon thereafter, this action was commenced by Bowden, seeking recovery upon the policy, and resulted as we have above noticed.

It is contended in behalf of the insurance company that the policy was rendered void by false representations made by Bowden inducing the issuing of the policy. The argument is, in substance, that Bowden falsely represented to the solicitor that the auto-

mobile was a model of 1921, when it was, in fact, a model of 1920, and further falsely represented that he purchased the automobile new in 1921. The evidence, we think, as the trial court manifestly did, very convincingly shows that Bowden made no such false representations prior to the issuance of the policy. True, the policy recites, as we have already noticed, that Bowden purchased the automobile new in 1921, and that it was a 1921 model. These, however, are but statements by the insurance company in its policy, and even these statements did not purport upon the face of the policy to have been made by Bowden. He did not notice these incorrect statements in the policy. We have seen that the automobile was sufficiently described in the policy to clearly identify it as the insured property. Under the circumstances, we do not think Bowden should be charged with representing the facts as incorrectly stated in the policy, as an inducement of the company to issue the policy. We conclude that the insurance company is not absolved from liability upon the ground of fraud on the part of Bowden in inducing the issuance of the policy.

It is further contended in behalf of the insurance company that, in any event, Bowden is not entitled to recover because of his delay in presenting formal proof of the loss until after the expiration of sixty days following the date of the loss. It seems to us that the insurance company is estopped from setting up such a defense. We have seen that Bowden promptly reported the loss; that the insurance company's claim agent and adjuster personally made a thorough investigation of the loss and received from Bowden orally full information concerning the loss; that he then told Bowden that he would not need any further information as far as he could see at that time; that further information was given by letter

from Bowden to the adjuster, as requested; that letters from the insurance company to Bowden, in substance, expressed its intent to decide the question of its liability upon information it then had; and that, three days after the expiration of the sixty-day limit for the presentation of formal proof of loss, it communicated its decision to Bowden that it declined to recognize its liability under the policy. It seems clear to us that, under these circumstances, the trial court was fully warranted in ruling that the insurance company had waived presentation of formal proof of loss within the stipulated sixty-day limit. The following of our decisions, while not all directly in point, lend strong support to our conclusion: *Sidebotham v. Merchants Fire Ass'n,* 41 Wash. 436, 83 Pac. 1028; *Hatcher v. Sovereign Fire Assurance Co.,* 71 Wash. 79, 127 Pac. 588; *Boskovich v. Union Assurance Society,* 98 Wash. 579, 168 Pac. 166; *Robbins v. Milwaukee Mechanics Ins. Co.,* 102 Wash. 539, 173 Pac. 634; *Stebbins v. Westchester Fire Ins. Co.,* 115 Wash. 623, 197 Pac. 913; *Hubbard v. Hartford Fire Ins. Co.,* 135 Wash. 558; 238 Pac. 569, 240 Pac. 565.

The judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and MILLARD, JJ., concur.